IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA, Secretary of Labor, : 
United States Department of Labor, :
:
      Plaintiff, :
: Civil Action No. _____
  v. :
:
COMPREHENSIVE HEALTHCARE :
 MANAGEMENT SERVICES, LLC: :
MAYBROOK-C KADE OPCO, LLC ; :
MAYBROOK-C EVERGREEN OPCO, LLC; :
MAYBROOK-C WHITECLIFF OPCO, LLC; :
MAYBROOK-C LATROBE OPCO, LLC; :
MAYBROOK-C OVERLOOK OPCO, LLC; :
MAYBROOK-C SILVER OAKS OPCO, LLC; :
MAYBROOK-C BRIARCLIFF OPCO, LLC; :
MT LEBANON OPERATIONS LLC; :
MURRYSVILLE OPERATIONS LLC; :
SOUTH HILLS OPERATIONS LLC; :
CHESWICK REHABILITATION AND :
 WELLNESS CENTER, LLC; :
MONROEVILLE OPERATIONS LLC; :
NORTH STRABANE REHABILITATION AND :
 WELLNESS CENTER, LLC; :
NORTH STRABANE RETIREMENT VILLAGE, :
 LLC; :
CHMS GROUP LLC;  and :
SAMUEL HALPER (an Individual), :
:
      Defendants. :

**COMPLAINT**

  Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, brings this action to enjoin COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC;  MAYBROOK-C KADE OPCO, LLC; MAYBROOK-C EVERGREEN OPCO, LLC; MAYBROOK-C WHITECLIFF OPCO, LLC; MAYBROOK-C LATROBE OPCO, LLC; MAYBROOK-C OVERLOOK OPCO, LLC; MAYBROOK-C SILVER OAKS

OPCO, LLC; MAYBROOK-C BRIARCLIFF OPCO, LLC; MT LEBANON OPERATIONS LLC; MURRYSVILLE OPERATIONS LLC; SOUTH HILLS OPERATIONS LLC; CHESWICK REHABILITATION AND WELLNESS CENTER, LLC; MONROEVILLE OPERATIONS LLC;  NORTH STRABANE REHABILITATION AND WELLNESS CENTER, LLC; NORTH STRABANE RETIREMENT VILLAGE, LLC; CHMS GROUP LLC; and SAMUEL HALPER ("Defendants") from violating Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. This Court has jurisdiction over this action pursuant to Section 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred within the judicial district.

3. Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, is authorized by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, to file suit to restrain violations of the Act and recover back wages and liquidated damages and is the proper plaintiff for this action.

4. Defendants COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC;  MAYBROOK-C KADE OPCO, LLC; MAYBROOK-C EVERGREEN OPCO, LLC; MAYBROOK-C WHITECLIFF OPCO, LLC; MAYBROOK-C LATROBE OPCO, LLC; MAYBROOK-C OVERLOOK OPCO, LLC; MAYBROOK-C SILVER OAKS OPCO, LLC;

MAYBROOK-C BRIARCLIFF OPCO, LLC; MT LEBANON OPERATIONS LLC; MURRYSVILLE OPERATIONS LLC; SOUTH HILLS OPERATIONS LLC; CHESWICK REHABILITATION AND WELLNESS CENTER, LLC; MONROEVILLE OPERATIONS LLC; NORTH STRABANE REHABILITATION AND WELLNESS CENTER, LLC; NORTH STRABANE RETIREMENT VILLAGE, LLC; and CHMS GROUP LLC are limited liability corporations that own and/or operate residential skilled nursing, rehabilitation, and assisted living facilities ("Facilities") at the following locations:

    a.  246 Friendship Circle, Beaver PA, 15009;

    b.  1198 West Wylie Avenue, Washington, Pennsylvania 15301;

    c.  191 Evergreen Mill Road, Harmony, PA 16037;

    d.  110 Fredonia Road, Greenville, Pennsylvania 16125;

    e.  576 Fred Rogers Drive, Latrobe, Pennsylvania 15650;

    f.  520 New Castle Street, New Wilmington, Pennsylvania 16142;

    g.  715 Harbor Street, New Castle, Pennsylvania 16101;

    h.  249 Maus Drive, Irwin, Pennsylvania 15642;

    i.  4142 Monroeville Boulevard, Monroeville, Pennsylvania 15146;

    j.  3876 Saxonburg Boulevard, Cheswick, Pennsylvania 15024;

    k.  350 Old Gilkeson Road, Pittsburgh, Pennsylvania 15228;

    l.  3300 Logan Ferry Road, Murrysville, Pennsylvania 15668;

    m.  100 Tandem Village Road, Canonsburg, Pennsylvania 15317;

    n.  200 Tandem Village Road, Canonsburg, Pennsylvania 15317;

    o.  201 Village Drive, Canonsburg, Pennsylvania 15317.

I.

5.     At all relevant times, Defendant SAMUEL HALPER ("HALPER"), who resides in Pittsburgh, Pennsylvania, was the Chief Executive Officer of the Facilities.  HALPER controlled and managed the Facilities, regulated the employment of persons employed at the Facilities, acted directly and indirectly in the interest of the limited liability companies in relation to the employees, hired and fired employees, set the rates of employee compensation, and directed the work of employees and is thus an employer of the employees within the meaning of Section 3(d) of the Act.  29 U.S.C. § 203(d).  Further, HALPER required that he be included in all internal company correspondence regarding payroll and compensation issues, issued written offers of employment to employees, and communicated employment policies to the employees.

6.     At all relevant times, the business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.  29 U.S.C. § 203(r)(1).  Additionally, the Facilities are a covered enterprise engaged in the operation of institutions primarily engaged in the care of the sick, aged, or mentally ill who reside on the premises.  29 U.S.C. § 203(r)(2)(A).

7.     At all relevant times, Defendants have employed and are employing employees in and about their places of business in activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling goods and materials (such as food, medications, and office supplies) that are moved in interstate commerce.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.  29 U.S.C. § 203(s)(1)(A).  Additionally, the employees are employed in an enterprise engaged in

commerce or the production of goods for commerce because the Facilities are engaged in the operation of institutions primarily engaged in the care of the sick, aged, or mentally ill who reside on the premises.  29 U.S.C. § 203(s)(1)(B).

8. Since at least December 14, 2014, Defendants have willfully and repeatedly violated, and continue to willfully violate, the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees at the Facilities in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.  Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example, Defendants employed at the Facilities, among other positions, Registered Nurses, Licensed Practical Nurses, Certified Nursing Assistants, Therapists, Aides, Admissions Coordinators, Clerks, Cooks, Social Services Coordinators, Housekeeping and Maintenance technicians, and administrative staff.  Defendants were aware that these and other employees at the Facilities regularly worked workweeks exceeding 40 hours, because the overtime hours are shown on their time records.  However, Defendants frequently did not compensate these employees for all the overtime hours they worked, even though the overtime hours were recorded in Defendants' time-clock records.  In many cases, Defendants paid such employees no compensation for hours worked in excess of 40 hours in a week. Employees frequently complained to Defendants that they were not properly paid for their overtime hours. Defendants also knew that many of their employees frequently worked through their unpaid lunch periods but made no effort to compensate them for these hours worked.

9.      Where Defendants did compensate employees for overtime hours worked, they frequently paid a rate less than one and one-half times an employee's regular rate of pay. This includes, but is not limited to, Defendants practice of not including the employees' non-discretionary bonuses and shift-differentials in their regular rate of pay when calculating their overtime compensation rate.

10.     Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain and preserve adequate and accurate records of employee wages, hours, and other conditions of employment, as required by 29 C.F.R. Part 516.

For example, Defendants did not maintain and preserve adequate and accurate records of the hours worked by their employees at the Facilities in that they often made payroll records stating that employees worked 40 or fewer hours in a workweek when employees in fact worked more than 40 hours in the workweek, as recorded in Defendants' own time-clock records. 29 C.F.R. § 516.2. Defendants also did not maintain and preserve accurate records of employees' regular rate of pay required to calculate overtime compensation because they did not include non-discretionary bonuses and shift differentials in the calculation of employees' regular rates of pay. *Id.* Defendants also did not maintain and preserve accurate records of employees' hours worked when they recorded unpaid lunch breaks for all employees when some employees did not in fact take lunch breaks. *Id.*

Defendants also failed to make its records available for inspection by providing incomplete records to the Administrator during its inspection of Defendants. 29 C.F.R. § 516.7.

Defendants also failed to post notices explaining the Act in every Facility. 29 C.F.R. 516.4.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period of December 14, 2014 through April 30, 2018, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 30, 2018, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs of this action in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*s/ Patrick M. Dalin*
Patrick M. Dalin
Trial Attorney
PA ID# 307701

*s/ John Strawn*
John Strawn
Senior Trial Attorney
PA ID #49789

Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
P: (215) 861-5165 f: (215) 861-5162
dalin.patrick@dol.gov

U.S. DEPARTMENT OF LABOR