IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, *Secretary of Labor, United States Department of Labor*,<br><br>*Plaintiff*,<br><br>v.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC, *et al*,<br><br>*Defendants*. | Civil Action No. 2:18-cv-1608<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

This case concerns the allegedly unlawful compensation practices of numerous nursing and personal care facilities. Plaintiff, Martin J. Walsh, Secretary of Labor for the United States Department of Labor ("the Secretary"), filed a collective action on behalf of thousands of employees working for these facilities, alleging that the facilities and some of their leadership individually and collectively violated various provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, by under-compensating their employees and failing to maintain accurate pay records.

The parties filed cross-motions for partial summary judgment, each requesting that the Court grant partial summary judgment in their favor. Oral argument was held on the dueling motions and the issues are fully briefed. For the reasons that follow, the Court will deny the Secretary's Motion for Partial Summary Judgment (ECF No. 180) and deny Defendants' Motion for Partial Summary Judgment (ECF No. 182).

1

I.  **BACKGROUND**

The various facilities at issue are residential, skilled nursing, rehabilitation, and assisted living facilities operating throughout western Pennsylvania. (ECF No. 185, ¶¶ 7–8); (ECF No. 198, ¶¶ 7–8). Those facilities include the following: Comprehensive Healthcare Management Services, LLC ("CHMS Services"), Maybrook-C Kade Opco, LLC ("Kade"), Maybrook-C Evergreen Opco, LLC ("Evergreen"), Maybrook-C Whitecliff Opco, LLC ("Whitecliff"), Maybrook-C Latrobe Opco, LLC ("Latrobe"), Maybrook-C Overlook Opco, LLC ("Overlook"), Maybrook-C Silver Oaks Opco, LLC ("Silver Oaks"), Maybrook-C Briarcliff Opco, LLC ("Briarcliff"), Mount Lebanon Operations LLC ("Mt. Lebanon"), Murrysville Operations LLC ("Murrysville"), South Hills Operations LLC ("South Hills"), Cheswick Rehabilitation and Wellness Center, LLC ("Cheswick"), Monroeville Operations LLC ("Monroeville"), North Strabane Rehabilitation and Wellness Center, LLC ("North Strabane Rehab"), and North Strabane Retirement Village, LLC ("North Strabane Retirement").

They are staffed by hourly and operational staff. The hourly staff includes, among others, Registered Nurses, Licensed Practical Nurses, Certified Nursing Assistants, Therapists, Aides, Admissions Coordinators, Clerks, Cooks, Social Services, Coordinators, Housekeeping and Maintenance Technicians, and Administrative Staff. The operational support staff includes, Facility Directors, Admissions Directors, Business Office Managers, Human Resource Directors, MDS Coordinators, Medical Records Directors, Human Resources Personnel, RN Educators, Social Work Directors, Assistant Directors of Nursing, Assistant Administrators, Dietary Supervisors, Directors of Activities, Directors of Nursing, Housekeeping Supervisors, Maintenance Supervisors, Rehabilitation Coordinators, RN Supervisors, and Unit Directors.

These individuals provide direct care or coordination of services within the facilities, and their goals involve improving functionality and enabling patients to return to their prior level of function and residence. (ECF No. 185, ¶¶ 31–33); (ECF No. 198, ¶¶ 31–33).

The facilities share common ownership, as well as officers, directors, and executives. Sam Halper has an ownership interest in each, and he also serves as the Chief Executive Officer for each of the facilities. (ECF No. 185, ¶¶ 57–60); (ECF No. 198, ¶¶ 57–60). Outside of this, the parties generally do not agree on the nature of Sam Halper's role within the facilities, and the parties disagree extensively on the role CHMS Group LLC ("CHMS Group") played. While the Secretary contends that both Sam Halper and CHMS Group exercised significant authority and control over all of these facilities, Defendants submit that Sam Halper and CHMS Group lacked the same, and that CHMS Group was simply a third-party payroll service provider for the nursing and care facilities.

From the Secretary's perspective, the facilities' employment records were inaccurate, and thousands of employees listed on the Third Revised Schedule A were undercompensated by the facilities at the direction of Sam Halper and CHMS Group. These alleged violations include alternating the pay of supervisory employees between hourly and salary depending on the number of hours they worked, failing to compensate employees for the hours they worked outside of their predetermined schedules—including meal breaks—failing to include non-discretionary bonuses and shift differentials in the regular rates of employees, failing to aggregate the hours some employees spent working at more than one facility, and paying employees at their regular rates instead of time-and-one-half for their overtime hours.

## II.     STANDARD OF REVIEW

Summary judgment is warranted if a court is satisfied that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). A fact is material if it must be decided to resolve the substantive claim or defense to which the motion is directed. In other words, there is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must view the evidence presented in the light most favorable to the nonmoving party. *Id.* at 255. It refrains from making credibility determinations or weighing evidence. *Id.* "Real questions about credibility, gaps in the evidence, and doubts as to the sufficiency of the movant's proof," will defeat a motion for summary judgment. *El v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 238 (3d Cir. 2007).

"When both parties move for summary judgment, '[t]he court must rule on each party's motion on an individual and separate basis, determining for each side whether a judgment may be entered in accordance with the Rule 56 standard.'" *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2720 (3d ed. 2016)). Under the same rule, if upon review of a party's motion for summary judgment, the court, viewing the evidence in the light most favorable to the non-moving party, enters summary judgment for the moving party, a court may properly declare the opposing party's cross-motion for summary judgment as moot. *Beenick v. LeFebvre*, 684 F. App'x 200, 205–06 (3d Cir. 2017).

## III. ANALYSIS

As a threshold matter, both parties correctly identify that, in order for liability to be imposed for the alleged overtime and recordkeeping violations at issue, the Court must be satisfied that there are no genuine issues of material fact, and that a factfinder could reasonably find that there are actionable employer-employee relationships at play. *See Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014) (stating that the "first inquiry in most FLSA cases is whether the plaintiff has alleged an actionable employer-employee relationship.").

The Secretary contends that the facilities, Sam Halper, and CHMS Group are all properly considered joint employers of the employees included on the Third Revised Schedule A because of the control and authority allegedly exercised by Sam Halper and CHMS Group over the individual facilities. To that end, the Secretary has, throughout his papers, referred to the various facilities, Sam Halper, and CHMS Group collectively. Defendants have, to some extent, given some support to this theory because they have opted to collectively litigate this case by jointly filing their papers and responding to the Secretary's arguments with one voice. Indeed, Defendants often appear to concede (albeit often in the form of a "dispute") or oppose things in unison. Defendants, however, still maintain that neither Sam Halper nor CHMS Group are employers under the FLSA. Accordingly, the Court's first concern is whether the employees included on the Secretary's Third Revised Schedule A are connected with the facilities, Sam Halper, and CHMS Group in such a way that each employee may be considered to be jointly employed by Sam Halper and CHMS Group.

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee[,]" 29 U.S.C. § 203(d) and an employee is "any individual employed by the employer." 29 U.S.C. § 203(e)(1). The term "employ" means "to suffer or permit

5

to work." 29 U.S.C. § 203(g). Under the FLSA, the definition of an employer is an expansive one, *In re Enterprise Rent-A-Car Wage & Hour Practices Litig.*, 683 F.3 462, 467 (3d Cir. 2012), and "multiple persons or entities can be responsible for a single employee's wages as 'joint employers' in certain situations." *Thompson*, 748 F.3d at 148. "[A] company's owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." *Id.* at 153.

Joint employment situations are typically present "where both employers 'exert significant control' over the employee, . . . 'by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.'" *Id.* at 148 (first quoting *N.L.R.B. v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1124 (3d Cir. 1982) then quoting 29 C.F.R. § 791.2(b)(3)). If a joint employment relationship is established, "each joint employer may be held jointly and severally liable for the FLSA violations of the other, in addition to direct liability for its own violations." *Id.* To determine whether individuals or entities are jointly and severally liable, a court must consider all the facts and circumstances relevant to the employment relationship, and the following four factors are particularly relevant:

> (1) the alleged employer's authority to hire and fire the relevant employees; (2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and (4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes.

*Id.* at 149 (quoting *In re Enterprise*, 683 F.3d at 469).

After careful review of the arguments and factual circumstances identified by the parties, there are genuine disputes of material fact precluding the Court from granting summary judgment in favor of either party on the issues surrounding joint and several liability. The parties have

submitted sufficient evidence from which a factfinder could reasonably differ as to the extent of Sam Halper's and CHMS Group's involvement in the operations of the facilities, including, *inter alia*, their authority to hire and fire employees, promulgate work rules, assignments, and conditions of employment, involvement in day-to-day operations, and control records. Because there are genuine disputes of material facts surrounding the nature of Sam Halper's and CHMS Group's control of the facilities, whether they integrally tied the facilities together as joint employers under the FLSA are determinations that must be made by the factfinder at trial.

Consequently, the Court also cannot at this time proceed to adjudicate the remaining overtime and recordkeeping violations as they are currently presented because of the manner in which the material factual circumstances are aggregately addressed and argued. Although there is a substantial evidentiary record tending to support the presence of overtime and recordkeeping violations at various individual facilities, the specific circumstances surrounding the violations as they pertain to individual employees and facilities are not set forth with detail or presented on a per facility basis. It would be unsound for the Court to aggregately adjudicate these violations when it cannot be said for sure that Defendants were operating as a single entity, or for that matter, as joint employers under the FLSA, and it is not the Court's role at summary judgment to develop the Secretary's case for him by sifting through the substantial evidentiary record in an attempt to circumstantially differentiate and associate overtime and recordkeeping violations with particular employees and facilities. *See Perkins v. City of Elizabeth*, 412 F. App'x 554, 555 (3d Cir. 2011) (affirming district court's grant of summary judgment, emphasizing that the district court was "not obliged to scour the record to find evidence that will support a party's claims . . . . [and] [that] [c]ourts cannot become advocates for a party by doing for that party what the party ought to have done for him or herself."). *See also Love v. Whitman*, No. 15-1712, 2019 WL 4597585, at *9

(W.D. Pa. Sep. 23, 2019) (citing *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2018)) ("The court is not required to scour the record without specific guidance from the parties to construct specific facts or legal arguments that support or defend against claims."); *Gary Miller Imports, Inc. v. Doolittle*, No. 11-178, 2020 WL 7027483, at *9 (W.D. Pa. Nov. 30, 2020) (declining to search through thousands of pages of documentary evidence to further develop the defendants' statute of limitations defense because they failed to do so, and "[n]either the Rules of Civil Procedure nor the interests of judicial economy allow for the Court to search for evidence either to support a party's position or to find a dispute to defeat summary judgment."); *Wiest v. Tyco Electronics Corp.*, No. 10-3288, 2015 WL 1636860, at *9 n.10 (E.D. Pa. Apr. 13, 2015) (declining "to sift blindly through hundreds of pages of emails to find the evidence that [p]laintiffs may or may not have to support their claim.").

Under these circumstances, the Court will deny the parties' respective requests for summary judgment on whether Sam Halper, CHMS Group, and the facilities jointly employed the employees because there are genuine disputes of material fact concerning Sam Halper's and CHMS Group's involvement in the operations of the facilities. The Court will similarly deny the parties' respective requests for summary judgment on the issues surrounding the overtime and recordkeeping violations because the underlying factual circumstances have been set forth aggregately, and the direct violations, as they pertain to individual employees and facilities, have not been set forth in detail.

## IV.   CONCLUSION

For the reasons set forth above, the Court will deny the parties' respective requests for summary judgment on joint and several liability because there are genuine issues of material fact as to whether Sam Halper, CHMS Group, and the facilities jointly employed the employees. The

Court will deny the parties' respective requests for summary judgment on the overtime violations under 29 U.S.C. § 207 and recordkeeping violations under 29 U.S.C. § 211(c) because there remain genuine issues of material fact surrounding the violations as they pertain to individual facilities and employees. The Court will also deny the parties' requests for summary judgment on whether liquidated damages should be awarded under 29 U.S.C. § 216(b), whether the violations at issue were willful under 29 U.S.C. § 255(a), and whether injunctive relief should be awarded under 29 U.S.C. § 217 because the underlying violations have not been established at this time.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

6-7-21
Dated