## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN J. WALSH, | ) | |
| SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | Civil Action No. 2:18-cv-01608-WSS |
| | ) | |
| Plaintiff, | ) | |
| | ) | Honorable William S. Stickman |
| v. | ) | |
| | ) | |
| COMPREHENSIVE HEALTHCARE | ) | |
| MANAGEMENT SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT WITNESS LIST & TRIAL PLAN

In accordance with the Pretrial Order (ECF 235), Order (ECF No. 248), and the Court's oral extension of the date to file this Joint Witness List & Trial Plan to January 21, 2022, the parties submit the following:

### TRIAL PLAN

January 31, 2022: Opening Statements; Beginning of Plaintiff's Case in Chief

February 1, 2022 – February 3, 2022: Plaintiff's Case in Chief;

February 4, 2022: Plaintiff's Case in Chief; Defendants' Case in Chief

February 7, 2022 – February 10, 2022: Defendants' Case in Chief

February 11, 2022 – Rebuttals; Closing Arguments

### JOINT WITNESS LIST

**A**     **The Plaintiffs state the following:**

Plaintiff submit this joint witness list and trial plan in order to comply with the Court's requirement to: (1) provide a "more accurate[]" and "narrow[]" list of witnesses that each party "in good faith anticipate[s] calling in their case in chief"; (2) identify the "subject of each identified witness' anticipated testimony," and; (3) provide a "good faith trial plan" that

1

identifies "the witnesses that each party reasonably believes it will call on each day of trial . . . ."
*Id*. at 3. For the description of each witness identified, as well as their anticipated testimony,
Plaintiff incorporates his offers of proof provided for the witness in his previously submitted
witness lists. (ECF No. 238). Further, Plaintiff's  identification of the anticipated subjects of
testimony for each witness are intended as a good faith overview of the witness' testimony.
Should Plaintiff later determine that testimony on subjects other than those set forth below is
necessary to present his case in chief, Plaintiff reserve the right to seek that testimony.

Further, to the extent that Plaintiff subsequently determines that additional witness
testimony is necessary for his case in chief, he reserves their right to seek testimony from any
persons not identified, consistent his previous filing. (ECF No. 238). Plaintiff also reserve the
right to call rebuttal witnesses, regardless of whether those witnesses are identified below and
regardless of whether the subjects of such witnesses' testimony are set forth below. Finally,
Plaintiff's submission of this joint witness list and trial plan is not a waiver or forfeiture of his
right to seek admission of any evidence, testimonial or otherwise, consistent with the Federal
Rules of Evidence, the Federal Rules of Civil Procedure, and the Court's prior orders.

1. Plaintiff anticipates calling the following witnesses the following dates:

- January 31, 2022:
  (1) Nick Barron
  (2) Catherine Matlack
  (3) Martha Stillwagon
  (4) Anthony Molinaro
  (5) Matthew Yarnell
  (6) Carlos Rivera

- February 01, 2022:
  (1) Ashley Ifft
  (2) Janis Kelley
  (3) Cami Dzak
  (4) James Martis

(5) Kimberly Wetzel
(6) Bradley Berardinelli

- <u>February 2, 2022:</u>
    (1) Amanda Bair
    (2) Brittany Edgerton
    (3) Lois Snyder
    (4) Kelcie Toth
    (5) Karena Sfakianakis
    (6) Jamie Rosales
    (7) Michele Ellis

- <u>February 3, 2022:</u>
    (1) Karen Chaney
    (2) Tracie Kern

- <u>February 4, 2022:</u>
    (1) Margaret Zapor

## 2. **<u>Offer of Proofs</u>**

    i.   <u>Nick Barron</u>: Nick Barron is a Department of Labor Wage and Hour Investigator who investigated Defendants compliance with the Act. Plaintiff anticipates that Mr. Barron with testify principally as to facts obtained during the investigation relating to the following subjects: (1) the general nature of operations and conditions of employment at all Defendant Facilities; (2) the relationship among Defendant Facilities, Defendant Sam Halper, and Defendant CHMS Group; (3) specific events and circumstances that arose at Defendant Facilities, including facts relating to their operations and conditions of employment; and (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with the operations and conditions of employment at Defendant Facilities; (5) the relationship among all Defendant Facilities as it relates to operations and employees; (6) admissions made by various employee representatives and Defendants.[1]

    ii.   <u>Catherine Matlack</u>: Catherine Matlack is a former Regional Human Resource Director of Comprehensive Healthcare Management Services who supported Defendant Facility operations and worked closely with Sam Halper and CHMS Group, on matters generally involving payroll processes and human resource management. Plaintiff

---

[1] The Defendants object to the inclusion of this witness on the Joint Witness and Trial Plan on the basis that the Plaintiffs have not complied with the requirements of the Pretrial Order (ECF 235) and Order (ECF No. 248).  The Defendants hereby certify that they have made a good faith effort to address and resolve this objection but have reached impasse and have not been able resolve this dispute.

anticipates that Ms. Matlack with testify principally as to the following subjects: (1) the general nature of operations and its conditions of employment at all Defendant Facilities; (2) the relationship among Defendant Facilities, Defendant Sam Halper, and Defendant CHMS Group; (3) specific events and circumstances that arose at Defendant Facilities including events and circumstances relating to their operations and conditions of employment; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with the operations and conditions of employment at Defendant Facilities; (5) the relationship among all Defendant Facilities as it relates to human resource management, operations, and employees; and (6) Ms. Matlack's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants

iii.   <u>Martha Stillwagon</u>: Martha Stillwagon is a former Human Resource Director who worked at Mt. Lebanon Rehabilitation and Wellness Center, Maybrook-C Kade

Opco, LLC (aka The Grove at Washington) ("The Grove at Washington"), and South Hills Operations (aka South Hills Rehabilitation and Wellness Center) ("South Hills"). Plaintiff anticipates that Ms. Stillwagon will testify principally as to the following subjects: (1) the general nature of operations and conditions of employment at Mt. Lebanon, the Grove at Washington, and South Hills; (2) specific events and circumstances that arose at Mt. Lebanon, the Grove at Washington, and South Hills, including events and circumstances relating to their operations and conditions of employment; (3) the relationship among Mt. Lebanon, the Grove at Washington, and South Hills, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with the operations and conditions of employment at Mt. Lebanon, the Grove at Washington, and South Hills; (5) the relationship among Mt. Lebanon, the Grove at Washington, and South Hills and the other Facility Defendants; (6) the nature and extent of Mt. Lebanon, the Grove at Washington, and South Hills' involvement with the operations and employees of each Facility Defendants; (7) Ms. Stillwagon's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Stillwagon's work on behalf of Mt. Lebanon, the Grove at Washington, and South Hills.

iv.   <u>Anthony Molinaro</u>: Mr. Molinaro is a former Administrator of Facility Defendant South Hills Rehabilitation and Wellness Center. Plaintiff anticipates that Mr. Molinaro will testify principally as to the following subjects: (1) the general nature of South Hills' operations and its conditions of employment; (2) specific events and circumstances that arose at South Hills, including events and circumstances relating to its operations and conditions of employment; (3) the relationship among South Hills, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with South Hills' operations and

conditions of employment; (5) the relationship among South Hills and the other Facility Defendants; (6) the nature and extent of South Hills' involvement with the operations and employees of each Facility Defendants; (7) Mr. Molinaro's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Mr. Molinaro's work on behalf of South Hills.


   v.   <u>Matthew Yarnell</u>: Matthew Yarnell is the President of the SEIU Healthcare Pennsylvania ("the union"). Plaintiff anticipates that Mr. Yarnell with testify principally as to the following subjects: 1) the general nature of the relationship among Defendants and the union; (2) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with Defendant Facilities' operations and conditions of employment; (3) the relationship among all Defendant Facilities, Sam Halper, and Defendant CHMS Group;(4) Mr. Yarnell's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants in collective bargaining for contract negotiations, bargaining issues, and grievances.[2]


   vi.   <u>Carlos Rivera</u>: Carlos Rivera is the Vice President of the Long Term Care Sector of the SEIU Healthcare Pennsylvania. Plaintiff anticipates that Mr. Rivera with testify principally as to the following subjects: (1) the general nature of the relationship among Defendants and the union; (2) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with Defendant Facilities operations and conditions of employment; (3) the relationship among all Defendant Facilities Sam Halper, and Defendant CHMS Group;(4) Mr. Rivera's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants in collective bargaining for contract negotiations, bargaining issues, and grievances.[3]


   vii.   <u>Ashley Ifft</u>: Ms. Ifft is a former Human Resources Director of Facility Defendant Brighton Rehabilitation and Wellness Center. Plaintiff anticipates that Ms. Ifft will testify principally as to the following subjects: (1) the general nature of Brighton's operations and its conditions of employment; (2) specific events and circumstances that arose at Brighton, including events and circumstances relating to its operations and conditions of employment; (3) the relationship among Brighton, Defendant Sam Halper, and Defendant

---

[2] The Defendants object to the inclusion of this witness on the Joint Witness and Trial Plan on the basis that the Plaintiffs have not complied with the requirements of the Pretrial Order (ECF 235) and Order (ECF No. 248).  The Defendants hereby certify that they have made a good faith effort to address and resolve this objection but have reached impasse and have not been able resolve this dispute.

[3] The Defendants object to the inclusion of this witness on the Joint Witness and Trial Plan on the basis that the Plaintiffs have not complied with the requirements of the Pretrial Order (ECF 235) and Order (ECF No. 248).  The Defendants hereby certify that they have made a good faith effort to address and resolve this objection but have reached impasse and have not been able resolve this dispute.

CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with Brighton's operations and conditions of employment; (5) the relationship among Brighton and the other Facility Defendants; (6) the nature and extent of Brighton's involvement with the operations and employees of each Facility Defendants; (7) Ms. Ifft's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Ifft's work on behalf of Brighton.

viii.　　Janis Kelley: Ms. Kelley is a former Licensed Practical Nurse at Facility Defendant The Grove at Washington and a former MDS Coordinator at Facility Defendant Mt. Lebanon Rehabilitation and Wellness Center and Facility Defendant North Strabane Rehabilitation and Wellness Center. Plaintiff anticipates that Ms. Ifft Kelley testify principally as to the following subjects: (1) the general nature of operations and its conditions of employment at the Grove at Washington, Mt. Lebanon, and North Strabane Rehab; (2) specific events and circumstances that arose at Grove at Washington, Mt. Lebanon, and North Strabane Rehab, including events and circumstances relating to their operations and conditions of employment; (3) the relationship among Grove at Washington, Mt. Lebanon, North Strabane Rehab, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with the operations and conditions of employment at The Grove at Washington, Mt. Lebanon, and North Strabane; (5) the relationship among The Grove at Washington, Mt. Lebanon, and North Strabane Rehab and the other Facility Defendants; (6) the nature and extent of The Grove at Washington's, Mt. Lebanon's and North Strabane Rehab's involvement with the operations and employees of each Facility Defendants; (7) Ms. Kelley's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Kelley's work on behalf of The Grove at Washington, Mt. Lebanon, and North Strabane Rehab.

ix.　　Cami Dziak: Ms. Dziak is a former Human Resources Director of Facility Defendant The Grove at Washington. Plaintiff anticipates that Ms. Dziak will testify principally as to the following subjects: (1) the general nature of The Grove at Washington's operations and its conditions of employment; (2) specific events and circumstances that arose at The Grove at Washington, including events and circumstances relating to its operations and conditions of employment; (3) the relationship among The Grove at Washington, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with The Grove at Washington's operations and conditions of employment; (5) the relationship among The Grove at Washington and the other Facility Defendants; (6) the nature and extent of The Grove at Washington's involvement with the operations and employees of each Facility Defendants; (7) Ms. Dziak's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group,

and Facility Defendants separate and apart from Ms. Dziak's work on behalf of The Grove at Washington.

x.    <u>James Martis</u>: Mr. Martis is a former Director of Nursing of Facility Defendant Mt. Lebanon Rehabilitation and Wellness Center. Plaintiff anticipates that Mr. Martis will testify principally as to the following subjects: (1) the general nature of Mt. Lebanon's operations and its conditions of employment; (2) specific events and circumstances that arose at Mt. Lebanon, including events and circumstances relating to its operations and conditions of employment; (3) the relationship among Mt. Lebanon, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with Mt. Lebanon's operations and conditions of employment; (5) the relationship among Mt. Lebanon and the other Facility Defendants; (6) the nature and extent of Mt. Lebanon's involvement with the operations and employees of each Facility Defendants; (7) Mr. Martis' knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Mr. Martis' work on behalf of Mt. Lebanon.

xi.    <u>Kimberly Wetzel</u>: Ms. Wetzel is a former Director of Nursing of Facility Defendant Cheswick Rehabilitation and Wellness Center. Plaintiff anticipates that Ms. Wetzel will testify principally as to the following subjects: (1) the general nature of Mt. Lebanon's operations and its conditions of employment; (2) specific events and circumstances that arose at Mt. Lebanon, including events and circumstances relating to its operations and conditions of employment; (3) the relationship among Cheswick, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with Cheswick operations and conditions of employment; (5) the relationship among Cheswick and the other Facility Defendants; (6) the nature and extent of Cheswick's involvement with the operations and employees of each Facility Defendants; (7) Ms. Wetzel's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Wetzel's work on behalf of Cheswick.

xii.    <u>Bradley Berardinelli</u>: Mr. Berardinelli is the current Director of Maintenance for Facility Defendant South Hills Rehabilitation and Wellness Center. Plaintiff anticipates that Mr. Berardinelli will testify principally as to the following subjects: (1) the general nature of South Hills' operations and its conditions of employment; (2) specific events and circumstances that arose at South Hills, including events and circumstances relating to its operations and conditions of employment; (3) the relationship among South Hills, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with South Hills'

operations and conditions of employment; (5) the relationship among South Hills and the other Facility Defendants; (6) the nature and extent of South Hills' involvement with the operations and employees of each Facility Defendants; (7) Mr. Berardinelli's work performed for other Facility Defendants, including Facility Defendant North Strabane Rehabilitation and Wellness Center and Facility Defendant The Grove at Washington; (8) Mr. Berardinelli's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Mr. Berardinelli's work on behalf of South Hills, North Strabane Rehab, and The Grove at Washington.

xiii.     Amanda Bair: Dr. Bair has served as the Doctor of Physical Therapy at the following Facility Defendants: The Grove at Washington, The Grove at Harmony, Cheswick Rehabilitation and Wellness Center, The Grove at Latrobe, The Grove at Irwin, Monroeville Rehabilitation and Wellness Center, and Murrysville Rehabilitation and Wellness Center. Plaintiff anticipates that Dr. Bair will testify principally as to the following subjects: (1) the general nature of the operations and conditions of employment at the 7 Facility Defendants Dr. Bair has worked at; (2) specific events and circumstances that arose at the 7 Facility Defendants Dr. Bair has worked at, including events and circumstances relatingto their operations and conditions of employment; (3) the relationship among the 7 Facility Defendants Dr. Bair has worked at, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant CHMS Group's involvement with the operations and conditions of employment at the 7 Facility Defendants Dr. Bair has worked at; (5) the relationship among the 7 Facility Defendants Dr. Bair has worked at and the other Facility Defendants; (6) for each of the 7 Facility Defendants Dr. Bair has worked at, the nature and extent of their involvement with the operations and employees of each Facility Defendants; (7) Dr. Bair's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Dr. Bair's work at the 7 Facility Defendants she has worked at.

xiv.     Brittany Edgerton: Ms. Edgerton is a former Licensed Practical Nurse  and MDS Coordinator at Facility Defendant New Castle. Plaintiff anticipates that Ms. Edgerton testify principally as to the following subjects: (1) the general nature of operations and its conditions of employment at the Grove at New Castle; (2) specific events and circumstances that arose at New Castle, including events and circumstances relating to their operations and conditions of employment; (3) the relationship among New Castle, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with the operations and conditions of employment at New Castle; (5) the relationship among New Castle  and the other Facility Defendants; (6) the nature and extent of New Castle's involvement with the operations and employees of each Facility Defendants; (7) Ms. Edgerton's knowledge

of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Edgerton's work on behalf New Castle.

xv.     Lois Snyder: Ms. Snyder is a former Certified Dietary Manager of Facility Defendant Murrysville Rehabilitation and Wellness Center and Facility Defendant The Grove at Irwin. Plaintiff anticipates that Ms. Snyder will testify principally as to the following subjects: (1) the general nature of Murrysville's and The Grove at Irwin's operations and their conditions of employment; (2) specific events and circumstances that arose at Murrysville and The Grove at Irwin, including events and circumstances relating to their operations and conditions of employment; (3) the relationship among Murrysville, The Grove at Irwin, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with Murrysville's and The Grove at Irwin's operations and conditions of employment; (5) the relationship among Murrysville, The Grove at Irwin, and the other Facility Defendants; (6) the nature and extent of Murrysville's and The Grove at Irwin's involvement with the operations and employees of each Facility Defendants; (7) Ms. Snyder's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Snyder's work on behalf of Murrysville and The Grove at Irwin.

xvi.     Kelcie Toth: Ms. Toth is a former Director of Rehabilitation of Facility Defendant The Grove at New Wilmington. Ms. Toth has also previously worked as a PRN employee for Facility Defendant The Grove at Irwin and Facility Defendant Mt. Lebanon Rehabilitation and Wellness Center. Plaintiff anticipates that Ms. Toth will testify principally as to the following subjects: (1) the general nature of  operations and conditions of employment at The Grove at New Wilmington, The Grove at Irwin, and Mt. Lebanon; (2) specific events and circumstances that arose at The Grove at New Wilmington, The Grove at Irwin, and Mt. Lebanon, including events and circumstances relating to their operations and conditions of employment; (3) the relationship among at The Grove at New Wilmington, The Grove at Irwin, Mt. Lebanon, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with the operations and conditions of employment at The Grove at New Wilmington, The Grove at Irwin, and Mt. Lebanon; (5) the relationship among at The Grove at New Wilmington, The Grove at Irwin, and Mt. Lebanon and the other Facility Defendants; (6) the nature and extent of at The Grove at New Wilmington's, The Grove at Irwin's, and Mt. Lebanon's involvement with the operations and employees of each Facility Defendants; (7) Ms. Toth's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Toth's work on behalf of at The Grove at New Wilmington, The Grove at Irwin, and Mt. Lebanon.

xvii.     <u>Karena Sfakianakis</u>: Ms. Sfakianakis is a former occupational therapist of the following Facility Defendants: Mt. Lebanon Rehabilitation and Wellness Center, South Hills Rehabilitation and Wellness Center, The Grove at Washington, and North Strabane Rehabilitation and Wellness Center. Plaintiff anticipates that Ms. Sfakianakis will testify principally as to the following subjects: (1) the general nature of the operations and conditions of employment at the 4 Facility Defendants Ms. Sfakianakis has worked at; (2) specific events and circumstances that arose at the 4 Facility Defendants Ms. Sfakianakis has worked at, including events and circumstances relating to their operations and conditions of employment; (3) the relationship among the 4 Facility Defendants Ms. Sfakianakis has worked at and Defendant CHMS Group; (4) the nature and extent of Defendant CHMS Group's involvement with the operations and conditions of employment at the 4 Facility Defendants Ms. Sfakianakis has worked at; (5) the relationship among the 4 Facility Defendants Ms. Sfakianakis has worked at; (6) for each of the 4 Facility Defendants Ms. Sfakianakis has worked at, the nature and extent of their involvement with the operations and employees of each Facility Defendant; (7) Ms. Sfakianakis' knowledge of, and experience with, Defendant CHMS Group and Facility Defendants separate and apart from Ms. Sfakianakis' work at the 4 Facility Defendants she has worked at.

xviii.     <u>Jamie Rosales</u>: Ms. Rosales is a former Social Services Director of Facility Defendant North Strabane Rehabilitation and Wellness Center. Plaintiff anticipates that Ms. Rosales will testify principally as to the following subjects: (1) the general nature of North Strabane Rehab's operations and its conditions of employment; (2) specific events and circumstances that arose at North Strabane Rehab, including events and circumstances relating to its operations and conditions of employment; (3) the relationship among North Strabane Rehab, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with North Strabane Rehab's operations and conditions of employment; (5) the relationship among North Strabane Rehab and the other Facility Defendants; (6) the nature and extent of North Strabane Rehab's involvement with the operations and employees of each Facility Defendants; (7) Ms. Rosales' knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Rosales' work on behalf of North Strabane Rehab.

xix.     <u>Michele Ellis</u>: Ms. Ellis is a former occupational therapist of the following Facility Defendants: Murrysville, North Huntington, Latrobe, and Cheswick Rehabilitation and Wellness Center. Plaintiff anticipates that Ms. Ellis will testify principally as to the following subjects: (1) the general nature of the operations and

conditions of employment at the 4 Facility Defendants Ms. Ellis has worked at; (2) specific events and circumstances that arose at the 4 Facility Defendants Ms. Ellis has worked at, including events and circumstances relating to their operations and conditions of employment; (3) the relationship among the 4 Facility Defendants Ms. Ellis has worked at and Defendant CHMS Group; (4) the nature and extent of Defendant CHMS Group's involvement with the operations and conditions of employment at the 4 Facility Defendants Ms. Ellis has worked at; (5) the relationship among the 4 Facility Defendants Ms. Ellis has worked at; (6) for each of the 4 Facility Defendants Ms. Ellis has worked at, the nature and extent of their involvement with the operations and employees of each Facility Defendants; (7) Ms. Ellis' knowledge of, and experience with, Defendant CHMS Group and Facility Defendants separate and apart from Ms. Sfakianakis' work at the 4 Facility Defendants she has worked at

xx.     Karen Chaney: Ms. Chaney has previously worked as a Licensed Practical Nurse on behalf of Defendant Murrysville Rehabilitation and Wellness Center and Facility Defendant The Grove at Latrobe. Plaintiff anticipates that Ms. Chabey will testify principally as to the following subjects: (1) the general nature of Murrysville's and The Grove at Latrobe's operations and their conditions of employment; (2) specific events and circumstances that arose at Murrysville and The Grove at Latrobe, including events and circumstances relating to their operations and conditions of employment; (3) the relationship among Murrysville, The Grove at Latrobe, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with Murrysville's and The Grove at Latrobe's operations and conditions of employment; (5) the relationship among Murrysville, The Grove at Latrobe, and the other Facility Defendants; (6) the nature and extent of Murrysville's and The Grove at Latrobe's involvement with the operations and employees of each Facility Defendants, and vice versa; (7) Ms. Chaney's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Chaney's work on behalf of Murrysville and The Grove at Latrobe.

xxi.    Tracie Kern: Ms. Kern is a former Business Office Administrator of Facility Defendant Mt. Lebanon Rehabilitation and Wellness Center. Plaintiff anticipates that Ms. Kern will testify principally as to the following subjects: (1) the general nature of Mt. Lebanon's operations and its conditions of employment; (2) specific events and circumstances that arose at Mt. Lebanon, including events and circumstances relating to its operations and conditions of employment; (3) the relationship among Mt. Lebanon, Defendant Sam Halper, and Defendant CHMS Group; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with Mt. Lebanon's operations and conditions of employment; (5) the relationship among Mt. Lebanon and the other Facility Defendants; (6) the nature and extent of Mt. Lebanon's

11

involvement with the operations and employees of each Facility Defendants; (7) Ms. Kern's knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants separate and apart from Ms. Kern's work on behalf of Mt. Lebanon.

      xxii.   <u>Margaret Zapor</u>: Margaret Zapor is a former Regional Director of Operations at Comprehensive Healthcare Management Services who supported Defendant Facility operations and worked closely with Sam Halper and the back office, CHMS Group, on matters, generally involving facility operations and management, including, but not limited to payroll processes and human resource management. Plaintiff anticipates that Ms. Zapor with testify principally as to the following subjects: (1) the general nature of operations and its conditions of employment at all Defendant Facilities; (2) the relationship among Defendant Facilities, Defendant Sam Halper, and Defendant CHMS Group; (3) specific events and circumstances that arose at Defendant Facilities including events and circumstances relating to their operations and conditions of employment; (4) the nature and extent of Defendant Sam Halper's and Defendant CHMS Group's involvement with the operations and conditions of employment at Defendant Facilities; (5) the relationship among all Defendant Facilities as it relates to human resource management, operations, and development and implementation of certain policies and procedures; and (6) Ms. Zapor's  knowledge of, and experience with, Defendant Sam Halper, Defendant CHMS Group, and Facility Defendants.

**B.**  <u>**The Facility Defendants[4], CHMS Group – Payroll Company[5], and Halper[6]**</u>
<u>**("Halper") state the following as their witness list:**</u>

---

[4] The "Facility Defendants" means Comprehensive Healthcare Managements Services, LLC d/b/a Brighton Rehabilitation and Wellness Center ("Brighton Rehabilitation and Wellness Center" or "Brighton"); Maybrook-C Briarcliff Opco, LLC, d/b/a The Grove at Irwin or The Grove at North Huntington ("The Grove at Irwin"); Maybrook-C Evergreen Opco, LLC, d/b/a The Grove at Harmony ("The Grove at Harmony"); Maybrook-C Kade Opco, LLC, d/b/a The Grove at Washington ("The Grove at Washington"); Maybrook-C Latrobe Opco, LLC, d/b/a The Grove at Latrobe ("The Grove at Latrobe"); Maybrook-C Overlook Opco, LLC, d/b/a The Grove at New Wilmington ("The Grove at New Wilmington"); Maybrook-C Silver Oaks Opco, LLC, d/b/a The Grove at New Castle ("The Grove at New Castle"); Maybrook-C Whitecliff Opco, LLC, d/b/a The Grove at Greenville ("The Grove at Greenville"); Monroeville Operations LLC, d/b/a Monroeville Rehabilitation & Wellness Center ("Monroeville Rehabilitation & Wellness Center"); Cheswick Rehabilitation and Wellness Center, LLC ("Cheswick Rehabilitation and Wellness Center"); Mt. Lebanon Rehabilitation and Wellness Center, LLC ("Mt. Lebanon Rehabilitation and Wellness Center"); Murrysville Operation, d/b/a Murrysville Rehabilitation & Wellness Center ("Murrysville Rehabilitation & Wellness Center"); North Strabane Rehabilitation and Wellness Center, LLC ("North Strabane Rehabilitation and Wellness Center"); North Strabane Retirement Village, LLC ("North Strabane Retirement Village"); and South Hills Operations LLC, d/b/a South Hills Rehabilitation and Wellness ("South Hills Rehabilitation and Wellness").
[5] "CHMS – Payroll Company" means CHMS Group, LLC.
[6] "Halper" means Samuel Halper, individually.

1. **Sam Halper**

<u>Offer of Proof</u>:  Defendant Sam Halper has personal knowledge of his interactions with the CHMS – Payroll Company and the Facility Defendants.  Halper holds a minority (12%) interest in Brighton, in addition to numerous other individuals and entities that hold an ownership interest in that entity.  He is also a member of at least two limited liability companies that indirectly hold a minority interest in the other Facility Defendants.  In that capacity, Halper provides *ad hoc* suggestions to the Facility Defendants on an infrequent basis.  His primary role with regard to the Facility Defendants is to receive and share information about the Facility Defendants with the other owners/investors of the Facility Defendants.

Halper will provide testimony confirming that he is not the "Employer" of the individuals listed by the DOL on Attachment A to the Complaint, as amended ("Attachment A").  He will testify about whether and to what extent he does or not have the authority to hire and/or fire any of the individuals listed on Attachment A nor has he actually hired or fired any of those individuals, he does not have the authority to promulgate work rules, schedules, or assignments at any of locations where the individuals on Attachment A work or worked; he does not and has not established the conditions of employment, work schedules, or assignments for such individuals; he is not involved in the day-to-day supervision of such individuals, including any employee discipline; and he does not have or control any of the employee records of the individuals listed on Attachment A.

In addition to the above, he will provide testimony consistent with the testimony he provided at his deposition, as well as testimony on the following topics:

i. The Facility Defendants' hiring and firing practices, who has the authority to make such decisions for each Facility Defendant, and how neither he nor any of the other defendants are decision makers in terms of hiring and/or terminating the employees at any facility (except that each Facility Defendant makes its own decisions for its employees).  .

ii. Facility Defendants each have the authority to promulgate work rules for their own facility.

iii. The Facility Defendants determine the assignments and schedules for the employees at their own facility and none other.

iv. The Facility Defendants manage and supervise the day-to-day activities of employees at their own facilities. He does not manage (or have the authority to manage) the day-to-day operations of any of the individuals listed on Attachment A, the Facility Defendants, or the CHMS Group.  Similarly, neither does the CHMS Group.

v.  His understanding of how pay rates are determined at each of the Facility Defendants.

vi. His understanding of where and who maintains and controls the employee records of the individuals listed on Attachment A; to wit, that each Facility Defendant maintains and controls the files for their own employees.

## 2.  **Abraham Pechman**

Offer of Proof:  Mr. Abraham Pechman is an employee of CHMS Group, LLC and has first-hand knowledge of CHMS Group's business operations.  Mr. Pechman will provide testimony that confirms that the CHMS Group is not the employer or joint-employer of any of the individuals listed on Attachment A.  This testimony may include information on the following topics:

i.  The business and services provided by the CHMS Group, which include providing various accounting, payroll, accounts receivable, and accounts payable services to third parties, including but not limited to the Facility Defendants.

ii. CHMS Group operates, and has operated, on a contracted basis and is compensated for the services they provide to third parties, including the individual Facility Defendants.

iii. As a payroll provider, the CHMS Group attempts to understand and interpret the labor agreements and/or employee handbooks to ensure compliance with the various polices and requirements of its clients, including but not limited to each of the Facility Defendants.

iv. CHMS Group does not have the authority to hire or fire any of the individuals listed on Attachment A, does not have the authority to establish or set the conditions of employment of the individuals on Attachment A, is not involved in the day-to-day supervision of the individuals on Attachment A, does not engage in any discipline of the individuals listed on Attachment A, and does not have or control any of the employee files of the individuals listed on Attachment A.  CHMS Group, as a payroll company, does however receive and maintain copies of the information necessary to process and generate the payroll for its clients, including the Facility Defendants. This information it receives was generated and sent from the client worksite and the client worksite also maintains electronic copies of such information.

v.  CHMS Group has never employed "Consultants" for overseeing Facility Defendants' day-to-day operations.

3.  **Administrators (former and/or current) of the Facility Defendants:** [7]

     i.     David Ferraro, Administrator for Brighton

     ii.     Lynn Desmet, Administrator for Cheswick

     iii.     John McCracken, Administrator for Greenville

     iv.     John Reichard, former Interim Administrator for Evergreen/current employee of Western P.A. Consultants

     v.     Jessica Buzard (Hollingsworth), Administrator for Briarcliff

     vi.     Steven Hausman, Administrator for Latrobe

     vii.     Dayna Wilson, Administrator for Monroeville

     viii.     Dave Thomas, Administrator for Mt. Lebanon

     ix.     Jennifer Shaffer, Administrator for Murrysville

     x.     Amanda Szalankiewicz, Administrator for North Strabane

     xi.     Sonya T. Tinker, Administrator for New Castle

     xii.     Michelle Kunselman, Administrator for New Wilmington

     xiii.     Any Fischer, Administrator for North Strabane Retirement

     xiv.     Susan Gilbert, Administrator for Kade

     xv.     Mark Nord, former Administrator for Evergreen

Offer of Proof:   As a current or former Administrator for one the Facility Defendants (specific facility is noted for each witness above), each of these individuals has personal knowledge of the facts and circumstances regarding the operations of the specific facility/property they were responsible for operating and managing.

Each of these individuals will separately testify that their facility – the specific facility where they work and/or worked as its Administrator, also referred to as the Executive Director, is the employer of the individuals that worked at that facility.  Each will further

---

[7] Plaintiff objects to the inclusion of John McCracken, Jennifer Shaffer, Amanda Szalankiewicz, Sonya T. Tinker, and Amy Fischer on the Joint Witness and Trial Plan on the basis of surprise and prejudice. The parties have met and conferred regarding Plaintiff's objections to these witnesses. Although, the parties have come to a tentative agreement to resolve Plaintiff's objections to these witnesses, Plaintiff reserves his right to move to exclude these witnesses should the surprise not be timely cured.

testify that they are not the employer or joint-employer for any individual that worked at or for any of the other Facility Defendants. Each will confirm that they have the authority to hire and/or fire the employees that work at their individual facility, but that they and the facility/entity they work for not have the authority to hire or fire anyone that works at one of the other Facility Defendants. Similarly, each will testify that they have the authority to promulgate and maintain work policies and procedures for their facility, but they do not have the authority to promulgate or maintain work polices or procedure for any other Facility Defendant.

Each of the above individuals will testify that they, their department managers, and their directors – those that work at their facility and under their direction -- are the ones that manage and supervise the day-to-day activities of the individuals that work at their facility. They will testify that they do not manage or supervise the day-to-day activities of individuals that work at other locations, including those that work at the other Facility Defendants. They will each testify that neither Sam Helper nor the CHMS Group manages or supervises the day-to-day activities of the individuals that work at their facility. Each will testify that, based on their personal experience:

    i.   The Facility Defendants are separate and distinct legal entities that operate independently from one another.

    ii.   The CHMS Group is a third party vendor that provides payroll, accounting, accounts payable, and accounts receivable services.

    iii.   Each Facility Defendant has and uses a facility-specific employee handbook and/or separately negotiated labor agreement. Many of the policies and procedures in place at the facilities were put into place by prior owners.

    iv.   Where there is a labor agreement, which has been separately negotiated and voted on by the employees that work at their specific facility, that Collective Bargaining Agreement expressly and specifically identifies that the specific Facility Defendant is the exclusive employer for each worker, and that no other entity or individual is authorized to establish or maintain work rules or procedures governing such individuals.

    v.   Each Facility Defendant has the independent the authority to promulgate work rules, set assignments, and set employees conditions of employment.

    vi.   The Administrator, also referred to on occasion as the Executive Director, is the highest position at each Facility Defendant, is the person in charge at each Facility Defendant, and he or she hold and exercises the ultimate work authority over the individuals that work at that facility.

    vii.   The Facility Defendants conduct the day-to-day supervision of their respective employees, including issuing discipline, independent of any other Facility Defendant, the CHMS Group, or Sam Halper.

viii. The employee and personal files for the individuals on Attachment A were created, maintained, and are controlled by the individual Facility Defendant where that individual was employed and is maintained and controlled at that location.

### 4. <u>Michael Neufeld</u>

<u>Offer of Proof</u>:  Mr. Neufeld is the Chief Financial Officer of CHMS Group, LLC, and has first-hand knowledge of CHMS Group's relationship with the other named Defendants in this suit.  Mr. Neufeld may testify that:

i. CHMS Group was formed in order to provide contracted back office and support services for clients in the areas such as accounting, payroll, accounts receivable, and accounts payable.  CHMS Group provides all aspects of services within these areas to its clients, including Facility Defendants.

ii. CHMS Group operates, and has operated, on a contracted basis with each Defendant Facility and is compensated for the services they provide by the individual Facility Defendants.

iii. CHMS Group works, and has worked, with Facility Defendants to interpret labor agreements and/or employee handbooks in order to create pay rules for employees within its payroll system.

iv. CHMS Group has never had authority to hire or fire Facility Defendants' employees.

v. CHMS Group has never had authority to determine Facility Defendants' employees' rate of pay.

vi. CHMS Group has never had authority to create work rules or to determine assignments or schedules for employees of Facility Defendants.

vii. CHMS Group has never been involved in the day-to-day supervision of Facility Defendants' employees.

viii. CHMS Group has never employed "Consultants" for overseeing Facility Defendants' day-to-day operations.

ix. The limited nature of CHMS Group's relationship with Western Pennsylvania Consultants (WPAC) (i.e., they have common clients).

### 5. <u>Thomas Lowden</u>

<u>Offer of Proof</u>:  Lowden is an employee of Western PA Consultants.  As a consultant, he is aware of his personal interactions with several of the Facility Defendants.  John Reichard and David Ferraro, listed above, are currently (Reichard) or were formerly (Ferraro)

employed by Western PA Consultants and similar to Lowden, will testify about their personal knowledge or and experience with certain Facility Defendants as a consultant for Western PA Consultants.  In this regard, Lowden (and Ferraro/Reichard) will testify that based on their experience as a consultant:

    i.   Western PA Consultants, an independent third party, provides consulting services, and Lowden, Ferraro and Reichard have each provided such services to certain of the Facility Defendants.

    ii.   The Facility Defendants are separate and distinct legal entities that operate independently from one another.

    iii.   The CHMS Group is a third party vendor that provides payroll, accounting, accounts payable, and accounts receivable services.

    iv.   The Facility Defendant have and use a facility-specific employee handbook and/or separately negotiated labor agreement.

    v.   Where there is a labor agreement, which has been separately negotiated and voted on by the employees that work at their specific facility, that Collective Bargaining Agreement expressly and specifically identifies that the specific Facility Defendant is the exclusive employer for each worker, and that no other entity or individual is authorized to establish or maintain work rules or procedures governing such individuals.

    vi.   Each Facility Defendant has the independent authority to promulgate work rules, set assignments, and set employees' conditions of employment.

    vii.   The Executive Director or Administrator is the person in charge at each Facility Defendant, and he or she holds and exercises the ultimate work authority over the individuals that work at that facility.

    viii.   The Facility Defendants conduct the day-to-day supervision of their respective employees, including issuing discipline, independent of any other Facility Defendant, the CHMS Group, or Sam Halper.

**C.  <u>The Defendants anticipate calling witnesses on the following dates:</u>**

- <u>February 4 (following conclusion of Plaintiff's case in chief)</u>

    1.   David Ferraro

    2.   Lynn Desmet

    3.   John McCracken

- <u>February 7, 2022</u>

    1.    Abraham Pechman

    2.    Michael Neufeld

    3.    Jessica Buzard (Hollingsworth)

    4.    Sonya T. Tinker

    5.    Steven Hausman

- February 8, 2022
  1. Dave Thomas
  2. Jennifer Shaffer
  3. Amanda Szalankiewicz
  4. Dayna Wilson
  5. John Reichard

- February 9, 2022
  1. Thomas Lowden
  2. Michelle Kunselman
  3. Amy Fischer
  4. Susan Gilbert

- February 10, 2022
  1. Mark Nord
  2. Sam Halper

**D.** **The Parties anticipate that any necessary rebuttal witnesses for the Plaintiff will testify after the close of the Defendants' case on February 10, 2022 and/or on February 11, 2022.**

U.S. Department of Labor
Office of the Regional Solicitor
201 12ᵗʰ Street South, Suite 401
Arlington, VA 22202

           Oscar L. Hampton III
           Regional Solicitor

           Adam Welsh
           Wage and Hour Counsel

202.693.9393 (voice)
202.693.9392 (fax)
lewis.ryma@dol.gov

           */s/ Ryma Lewis*
           Ryma Lewis
           Senior Trial Attorney

           */s/ Mohamed Seifeldein*
           Mohamed Seifeldein
           Trial Attorney

           */s/ Alejandro Herrera*
           Alejandro Herrera
           Trial Attorney

JACKSON LEWIS, PC

*/s/ Kevin Holden*
Kevin D. Holden (admitted *pro hac vice*)
kevin.holden@jacksonlewis.com
701 East Byrd Street, 17th Floor
Richmond, VA 23219
Telephone: 804- 212- 2888

Catherine A. Cano (admitted *pro hac vice*)
catherine.cano@jacksonlewis.com
10050 Regency Circle, Suite 400
Omaha, Nebraska   68114
Telephone: 402-391-1991
Facsimile: 402-391-7363

Marla N. Presley, Esq. (PA I.D. No. 91020)
marla.presley@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Telephone: (412) 232-0404
Facsimile: (412) 232-3441
Attorneys for Defendants