IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, *Secretary of Labor, United States Department of Labor,*<br><br>*Plaintiff,*<br><br>v.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC, *et al,*<br><br>*Defendants.* | Civil Action No. 2:18-cv-1608<br><br>Hon. William S. Stickman IV |

## **MEMORANDUM ORDER**

On June 7, 2021, the Court denied the Motion for Summary Judgment filed by Plaintiff Martin J. Walsh, Secretary of Labor of the United States Department of Labor ("the Secretary"). (ECF No. 229). Specifically, and relevant to this Order, the Secretary had moved for the Court to enter judgment in his favor and against Defendants with respect to claims for overtime and record-keeping violations pursuant to the Fair Labor Standards Act ("FLSA"). On January 31, 2022, the case was to proceed to Phase I of a bifurcated trial which would determine whether Defendants were joint employers with respect to the claims asserted by the Secretary. Rather than proceed to trial, the parties negotiated a series of stipulations. (ECF No. 268). These stipulations addressed the issue of joint employment.

On February 15, 2022, the Secretary filed a Motion to Reconsider Plaintiff's Partial Motion for Summary Judgment. (ECF No. 270). He argues that, in light of the stipulations concerning the joint employment issue, the Court should reconsider its previous denial of summary judgment and, after doing so, grant affirmative judgment in his favor on the claims of overtime and record-keeping violations. The motion is DENIED.

1

"The purpose of a Motion for Reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Lab'ys Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. *See Howard Hess Dental*, 602 F.3d at 251 (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citations and internal quotation marks omitted).

The Secretary's Motion to Reconsider does not assert that there has been a change of controlling law or a discovery of new evidence. Nor does it assert that the Court's prior decision was premised on a clear error or has effectuated manifest injustice. Rather, the Secretary contends that there has been a change of circumstance that warrants reconsideration—i.e., Defendants' stipulations on the joint employment issue now permits the Court to enter judgment against them. The Court disagrees.

The Court's June 7, 2021, Memorandum Opinion and Order of Court did not decline to enter summary judgment in the Secretary's favor *solely* because of the unresolved nature (at that point) of the joint employment issue. This was one of many issues before the Court with respect to whether summary judgment was warranted. The mere fact that there is a stipulation that

Defendants were co-employers does not resolve all of the issues that would be required to grant summary judgment in the Secretary's favor. *In addition to* the issue of joint employer status, the Secretary raised the following issues in support of his Motion for Summary Judgment:

- Defendants Violated Section 11 of the FLSA by Failing to Create and Maintain Accurate Time and Pay Records;

- Defendants Violated Section 7 By Failing to Pay Any Overtime Wages;

- Defendants Violated the FLSA Section 7 by Failing to Include All Remunerations in the Regular Rate;

- Defendants Violated Section 7 By Failing to Pay The Proper Rate of Overtime For All Hours Worked.

(ECF No. 181, p. 2). Merely establishing, by stipulation, joint employer status does not establish liability on these issues. The Court previously held that summary judgment was not appropriate because there were genuine issues of material fact with respect to violations of the FLSA. The Secretary has not demonstrated that the factors governing reconsideration warrant the revisitation of these issues. The Court declines to do so. Its June 7, 2021, Order on summary judgment will remain undisturbed.

AND NOW, this 12 day of April 2022, IT IS HEREBY ORDERED that the Secretary's Motion to Reconsider Plaintiff's Partial Motion for Summary Judgment (ECF No. 270) is DENIED.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE