IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC, et al. <br><br> Defendants. | Case No. 2:18-cv-01608-WSS |

**MOTION FOR EXPEDITED STATUS CONFERENCE**

Plaintiff Julie A. Su, Acting Secretary of Labor (the "Secretary"), respectfully moves for an expedited status conference to address Defendants' imminent sale of certain Facility Defendants, just ten days prior to the Phase II trial in this matter. In support thereof, the Secretary states as follows:

1. On August 16, 2023 and August 18, 2023, the Secretary received reliable, specific information from a non-party that Defendants were completing a transaction on September 1, 2023. The Secretary was not previously aware of this transaction. It is the Secretary's understanding that the transaction involves the sale of at least four Facility Defendants from their current owners—including Defendant Sam Halper and Ephram Lahasky—to an ownership group affiliated with Kadima Healthcare Group, Inc. ("Kadima"). The Secretary understands Kadima to be a healthcare ownership and management company that operates skilled nursing and long-term care facilities in Pennsylvania. Ex. 1; *see also Stanley v. Kadima Healthcare Group, Inc.*, No. 1:20-cv-01337 (M.D. Pa.). It is also the Secretary's understanding that Mr. Lahasky holds an

1

ownership interest in Kadima, *i.e.*, he has ownership interests on both sides of the transaction. Ex. 2; Ex. 3.

2. The Secretary does not have documentation regarding this transaction. She does not definitively know, among other things, the identity of the parties, the purchase price, the type of consideration being offered, whether or how Facility Defendants' corporate structure and corporate affiliations may change, or whether or how the agreement affects potential liability in this action, including as to the issue of corporate successor liability.

3. The Secretary respectfully submits that the timing of Defendants' sale—ten days before trial—and the lack of an arms-length relationship between the buyers and sellers raises a significant concern that Defendants seek to dissipate assets that will be subject to a judgment entered in this matter. In other words, it appears that, on the eve of trial, Defendants are trying to materially frustrate the Secretary's ability to recover for her claims, including for those that Defendants have conceded back wage liability. Dkt. 197 at p. 28 (Defendants' admission that they owe back wages but are "waiting to fully resolve the issues at stake in this matter" before repaying those amounts).

4. In the immediate term, the Secretary requests the opportunity to discuss this issue with the Court as soon as possible. The Secretary would like to raise, *inter alia*, potential steps to obtain basic information regarding the transaction and possible interim remedies to ensure that Defendants do not fraudulently convey assets or otherwise interfere with the Secretary's and the Court's efforts to adjudicate the claims and corresponding remedies—including equitable relief—at issue. The Court has authority, whether through its inherent equitable jurisdiction or under Pennsylvania law, to enter immediate relief, if warranted. *See generally Porter v. Warner Holding Co.*, 328 U.S. 395, 397–402 (1946); *Deckert v. Independence Shares Corp.*, 311 U.S.

282, 290 (1940) ("[T]he injunction was a reasonable measure to preserve the status quo pending final determination of the questions raised by the bill."); *see also* Fed. R. Civ. P. 64; *Elliott v. Kiesewetter*, 98 F.3d 47, 58 (3d Cir. 1996); *Pineda v. Skinner Servs., Inc.*, 22 F.4th 47, 53–58 (1st Cir. 2021).

5. The Secretary raised this issue with Defendants' counsel on August 18, 2023 and informed them of her intent to file this Motion.

6. The Secretary respectfully requests that this Court grant her Motion and convene a status conference as soon as possible. Because time is of the essence, the Secretary requests that the status conference be conducted telephonically or through video conference.

Respectfully Submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968

(215) 861-5136 (voice)
(215) 861-5162 (fax)

herrera.alejandro.a@dol.gov

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam Welsh
Wage and Hour Counsel

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney
PA 326897; NY 5235601

*/s/ Mohamed Seifeldein*
Mohamed Seifeldein
Trial Attorney
*Pro Hac Vice*

*/s/ Erik Unger*
Erik Unger
Trial Attorney
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

      I hereby certify that, on August 18, 2023, I electronically filed the foregoing Motion for Expedited Status Conference, as well as supporting documents, by using the CM/ECF system.

| | |
|---|---|
| Date: August 18, 2023 | */s/ Alejandro A. Herrera*<br>Alejandro A. Herrera<br>Senior Trial Attorney<br>PA 326897; NY 5235601<br><br>U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103-2968<br>herrera.alejandro.a@dol.gov<br>(215) 861-5136 (voice)<br>(215) 861-5162 (fax) |