UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF<br>LABOR,<br><br>           Plaintiff,<br><br>   v.<br><br>COMPREHENSIVE HEALTHCARE<br>MANAGEMENT SERVICES, LLC, at al<br><br>           Defendants. | Civil Action No. 2:18-cv-01608 WSS<br><br>Honorable William S. Stickman IV<br><br>*Electronically Filed* |

### DEFENDANTS' MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

Defendants Comprehensive Healthcare Managements Services, LLC d/b/a Brighton Rehabilitation and Wellness Center; Maybrook-C Briarcliff Opco, LLC, d/b/a The Grove at Irwin or The Grove at North Huntington; Maybrook-C Evergreen Opco, LLC, d/b/a The Grove at Harmony; Maybrook-C Kade Opco, LLC, d/b/a The Grove at Washington; Maybrook-C Latrobe Opco, LLC, d/b/a The Grove at Latrobe; Maybrook-C Overlook Opco, LLC, d/b/a The Grove at New Wilmington; Maybrook-C Silver Oaks Opco, LLC, d/b/a The Grove at New Castle; Maybrook-C Whitecliff Opco, LLC, d/b/a The Grove at Greenville; Monroeville Operations LLC, d/b/a Monroeville Rehabilitation & Wellness Center; Cheswick Rehabilitation and Wellness Center, LLC; Mt. Lebanon Rehabilitation and Wellness Center, LLC; Murrysville Operation, d/b/a Murrysville Rehabilitation & Wellness Center; North Strabane Rehabilitation and Wellness Center, LLC; North Strabane Retirement Village, LLC; South Hills Operations LLC, d/b/a South Hills Rehabilitation and Wellness, Sam Halper, and CHMS Group LLC, hereinafter referred to as "Defendants," by and through their counsel, Jackson Lewis PC, respectfully seek leave of Court to submit supplemental evidence in opposition to the Department of Labor's Motion for a

Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("TRO Motion").  In support thereof:

1. On August 29, 2023, the United States Department of Labor ("DOL") filed its TRO Motion alleging that Defendants were attempting to fraudulently convey certain assets on the eve of trial.  (ECF No. 302).

2. On September 27, 2023, the Court held an evidentiary hearing at which Martha Stillwagon and Lisa Baldi testified on behalf of the DOL.

3. Ms. Stillwagon and Ms. Baldi testified that James Schmerbeck, a Regional HR Consultant for Western PA Consultants, LLC, had told them that Sam Halper wanted to sell the facilities before trial to "avoid paying."

4. Mr. Schmerbeck was not called as a witness by the DOL and was not identified by name in the DOL's Prehearing Memorandum.  Instead, the DOL represented on that "on or around August 30, 2023, both [Ms. Stillwagon and Ms. Baldi] were present for a conversation with a _current Regional Consultant_ for Defendants; (2) during the conversation, the Regional Consultant stated directly that Sam Halper and the other owners wanted to close the sale by August or September 2023 with the specific intent to minimize liability from a judgment…").  (ECF No. 391).

5. As a result, Defendants were deprived the opportunity to present testimony at the hearing from Mr. Schmerbeck.

6. If leave is granted, Mr. Schmerbeck will provide the Court with a Declaration attesting that he never had a conversation with Ms. Stillwagon or Ms. Baldi where he stated or in any way indicated that Sam Halper (or any other owner) wanted to sell the facilities to minimize liability (*see* Declaration of James Schmerbeck, attached hereto as Exhibit A).

7. Mr. Schmerbeck will testify that, during a dinner on August 30, 2023, Ms. Stillwagon and Ms. Baldi stated that they had heard a rumor that the Grove facilities were being sold. They asked Mr. Schmerbeck if those rumors were true. Mr. Schmerbeck confirmed that it was his understanding that the Grove facilities were to be sold. Ms. Stillwagon and Ms. Baldi then asked what the sale would mean for Mr. Schmerbeck's job. He stated that he did not know. No other discussions about the sale, Sam Halper, Defendants, this trial, or anything related to Mr. Schmerbeck's employment were had.

8. Mr. Schmerbeck will also affirm under oath that he never had any conversations with Sam Halper (or any other owner) where it was represented to him that the owners desired to sell the facilities to minimize liability. He will testify that he had no conversations with Sam Halper about the sale before the August 30, 2023 dinner.

9. Permitting Defendants leave to supplement the record with Mr. Schmerbeck's Declaration will allow the Court to rule on the TRO Motion with the benefit of a complete record, and the DOL will suffer no prejudice as it has already had a conversation with Mr. Schmerbeck during which Mr. Schmerbeck advised that the conversations relayed by Ms. Stillwagon and Ms. Baldi did not occur and were false.

10. Despite being armed with that information directly from the alleged source, the DOL forged on and presented Ms. Stillwagon and Ms. Baldi as witnesses at the September 26, 2023 hearing.

11. The record should be supplemented to correct the fabricated statements attributed to Mr. Schmerbeck.

12. Pursuant to this Court's Practices and Procedures, the Parties conferred on this Motion; the DOL does not consent to the record being supplemented.

WHEREFORE, based on the above. Defendants respectfully request leave of Court to supplement the record with a Declaration from Jim Schmerbeck.

Dated: September 29, 2023

Respectfully submitted,

JACKSON LEWIS, PC

/s/ Marla N. Presley
Marla N. Presley, Esq. (PA I.D. No. 91020)
marla.presley@jacksonlewis.com
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Telephone: (412) 232-0404
Facsimile: (412) 232-3441

Catherine A. Cano (admitted *pro hac vice*)
catherine.cano@jacksonlewis.com
10050 Regency Circle, Suite 400
Omaha, Nebraska  68114
Telephone: 402-391-1991
Facsimile: 402-391-7363

Jeffrey A. Schwartz (admitted *pro hac vice*)
Jeffrey.Schwartz@jacksonlewis.com
Jackson Lewis P.C.
171 17th Street, NW, Suite 1200
Atlanta, GA 30363
(404) 525-8200 telephone
(404) 525-1173 facsimile

*Counsel for Defendants*