**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR, | )<br>)<br>) | Civil Action No. 2:18-cv-01608-WSS |
| | ) | |
| Plaintiff, | ) | |
| | ) | Honorable William S. Stickman |
| v. | ) | |
| | ) | |
| COMPREHENSIVE HEALTHCARE | ) | |
| MANAGEMENT SERVICES, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO
SUPPLEMENT THE RECORD**

Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary") writes to oppose Defendants' Motion for Leave to Supplement the Record.

Defendants' Motion is unfounded and inaccurate. There is no basis to re-open the record. Contrary to their claims, Defendants had ample opportunity to seek information from the Acting Secretary's witnesses and Mr. Schmerbeck—they simply chose not to. Their willingness to proceed with the hearing while willfully foregoing investigation of information from people identified as having knowledge is a self-inflicted harm, not a basis to submit new, previously undisclosed evidence.

The Acting Secretary would be prejudiced by admission of the new declaration. She did not subpoena Mr. Schmerbeck because he provided false information to the Acting Secretary during their call on September 11, 2023—a fact Mrs. Stillwagon independently confirmed during her testimony. Mr. Schmerbeck's declaration is not a substitute for live testimony, where credibility can be assessed, and where he can be subject to cross examination. Such an

1

opportunity is essential, given that the declaration contradicts sworn testimony from witnesses

who testified live before the Court and were subject to cross-examination, omits relevant detail,

and because it is in tension, at least in part, with Messrs. Lahasky's and Halper's sworn

testimony. Moreover, Defendants counsels' statements regarding Mr. Schmerbeck's call with

DOL are untrue, as evidenced by their absence from the declaration. The Acting Secretary asked

Defendants' counsel to withdraw those groundless claims, but they ignored her request.

The Acting Secretary respectfully requests that the Court deny the Motion. If it declines

to do so, the Acting Secretary requests the opportunity to reconvene a hearing at which

Mr. Schmerbeck testifies live and is subject to cross examination.

### 1. Defendants Were Not "Deprived" of the Opportunity to Obtain Relevant Information from Mr. Schmerbeck

During the September 14, 2023 status conference (Dkt. 381), the Acting Secretary

notified the Court and Defendants of her intent to call three witnesses at the September 27, 2023

preliminary injunction hearing. The Acting Secretary offered to voluntarily disclose the identities

of these three witnesses during the conference. The Court declined to require immediate

disclosure and instead set a deadline of September 20, 2023. Dkt. 382 at 1–2. The Acting

Secretary disclosed the identities of Mrs. Cox, Mrs. Stillwagon, and Mrs. Baldi in advance of the

deadline, on September 19, 2023, following the deposition of David Gast.[1] Defendants' counsel,

Mr. Schwartz, responded to the disclosure by stating that Defendants would seek to depose

Mrs. Cox, Mrs. Stillwagon, and Mrs. Baldi. The Acting Secretary's counsel responded by

confirming that they were entitled to do so. It is the Acting Secretary's understanding that

Defendants never attempted to contact any of these witnesses, despite the Court's permission to

---

[1] If the Court requests it, the Acting Secretary's counsel will provide a sworn declaration to substantiate the factual assertions in this Opposition.

conduct discovery until September 26, 2023 (Dkt. 382). This decision not to do so—thus

voluntarily foregoing the opportunity to question Mrs. Stillwagon or Mrs. Baldi prior to the

hearing—is not a basis for feigning surprise or re-opening the record.

Defendants also fail to mention that they had specific notice of Mr. Schmerbeck and the

Acting Secretary's proposed witness testimony on September 22, 2023, through the parties'

written discovery. On that date, the Acting Secretary's interrogatory responses: (1) identified

Mrs. Stillwagon and Mrs. Baldi and stated, *inter alia*, they had "knowledge as to Defendants'

and their owners' specific intent to ensure that the transaction at issue is concluded prior to the

Phase II trial this matter" based on their "recent discussions with a current Regional Consultant,"

and; (2) specifically identified the Acting Secretary's conversation with Mr. Schmerbeck on

September 11, 2023 and stated that, after she "inquired about the transaction at issue,"

"Mr. Schmerbeck stated that he was aware of it but did not otherwise have additional relevant

details to provide." In other words, Defendants knew from the interrogatory responses that the

witness testimony was based on discussions with a "current Regional Consultant" and that the

Acting Secretary spoke with Mr. Schmerbeck on September 11, 2023—the sole Regional

Consultant identified as having received a call from the Acting Secretary, and the only

Defendant representative the Acting Secretary had contact with outside of counsel and the

deponents. This information gave Defendants an ample basis to inquire further with

Mr. Schmerbeck. It is also notable that at no point did Defendants seek additional information or

clarification regarding the Acting Secretary's interrogatory responses, including as to the identity

of the "current Regional Consultant" referred to in the responses.

2. **The Acting Secretary Would Suffer Prejudice from Mr. Schmerbeck's False Declaration Being Permitted in the Record**

If the declaration is permitted, the Acting Secretary will be prejudiced because she will be unable to cross examine Mr. Schmerbeck or re-call a witness to rebut his testimony. The lack of opportunity to test Mr. Schmerbeck's veracity is significant, given that several of his claims are irreconcilable with Mrs. Stillwagon's and Mrs. Baldi's sworn testimony. Although Mr. Schmerbeck confirms that date and location of the dinner—and that the sale of the Grove facilities was discussed—his other statements are at odds with the live testimony assessed by the Court. Moreover, his claim that he "had no conversation with Sam Halper about the sale of the Grove facilities" (Dkt. 395-1, ¶ 8) is in tension with Mr. Halper's sworn testimony that the Facility Defendants' owners did, in fact, discuss the Kadima sale with the Regional Consultants (09.13.2023 S. Halper Dep. Tr. at 71:9–14),[2] that the Regional Consultants were made aware of basic details of the transaction, including the proposed September 1, 2023 closing date (*id.* at 72:10–18), and that Mr. Halper had some recollection of emailing with the Regional Consultants regarding the sale (*id.* at 73:3–9).

The Acting Secretary must also address Defendants counsels' false assertions that: (1) DOL "had a conversation with Mr. Schmerbeck during which Mr. Schmerbeck advised that the conversations relayed by Ms. Stillwagon and Ms. Baldi did not occur and were false," and; (2) that she "forged on" with "fabricated" witness testimony "[d]espite being armed with that information directly from the alleged source." Motion, ¶¶ 9, 10. The Acting Secretary knows these claims are false because her lead counsel—the only other participant in the call with Mr. Schmerbeck on September 11, 2023—knows that no such statements were made, as

---

[2] Mr. Lahasky similarly confirmed that "[t]he regionals knew about" the sale. 09.11.2023 E. Lahasky Dep. Tr. at 126:2–7.

reflected in the interrogatory responses he verified. The claims' baselessness is also reflected in the fact that, despite Defendants' counsels' willingness to make the accusation in their pleading—presumably based on their discussions with Mr. Schmerbeck—the sworn declaration omits any such claim and any reference to a call with the DOL.

Consistent with her verified interrogatory responses, Mr. Schmerbeck did <u>not</u> state this during the call; instead, he claimed he was aware of the transaction but that he did not have any further information to provide regarding it. At no point during the call did the Acting Secretary disclose the identities of Mrs. Stillwagon or Mrs. Baldi, mention the August 30, 2023 dinner, or disclose that she had received information that Mr. Schmerbeck had engaged in conversations regarding the sale. At no point did Mr. Schmerbeck mention Mrs. Stillwagon or Mrs. Baldi, let alone claim that their statements regarding the dinner or the sale were "false." As Mrs. Stillwagon testified on direct examination, Mr. Schmerbeck immediately called her following his conversation with the Acting Secretary's counsel. She testified that he was in emotional distress and that he represented to the Acting Secretary that he had limited knowledge of the transaction. After Mrs. Stillwagon questioned this as a false statement, Mr. Schmerbeck admitted to her that he did have more knowledge of the transaction than he let on, *i.e.*, that he was dishonest with the Acting Secretary. Contrary to the Motion's claims, the Acting Secretary chose not to call Mr. Schmerbeck because he claimed to have no information to provide beyond the existence of the transaction, and she ultimately determined that he was unlikely to provide truthful testimony.

The Acting Secretary made repeated efforts to contact Defendants' counsel at Jackson Lewis to notify them that Paragraph 9's statement was unfounded. She requested, via email, that they withdraw the Motion and re-file it without this false statement. *See* Exhibit 1. As of this filing, Defendants' counsel has not responded to the request.

* * *

The Acting Secretary respectfully requests that the Court deny the Motion. Defendants had sufficient opportunity to investigate and proffer Mr. Schmerbeck's testimony—which has virtually no probative value—and there is no basis to allow them to submit it after the record is closed. If the Court nonetheless wishes to consider Mr. Schmerbeck's statements, the Acting Secretary respectfully requests to re-convene a limited hearing where Mr. Schmerbeck testifies live and is subject to cross-examination.

Respectfully Submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Mailing Address:

Seema Nanda
Solicitor of Labor

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968

Samantha N. Thomas
Acting Regional Solicitor

Adam Welsh
Wage and Hour Counsel

(215) 861-5136 (voice)
(215) 861-5162 (fax)

herrera.alejandro.a@dol.gov

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney
PA 326897; NY 5235601

*/s/ Mohamed Seifeldein*
Mohamed Seifeldein
Trial Attorney
*Pro Hac Vice*

*/s/ Erik Unger*
Erik Unger
Trial Attorney
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 1, 2023, I electronically filed the foregoing Opposition

to Defendants' Motion for Leave to Supplement the Record, as well as supporting documents, by

using the CM/ECF system.

Date: October 1, 2023

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney
PA 326897; NY 5235601

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968
herrera.alejandro.a@dol.gov
(215) 861-5136 (voice)
(215) 861-5162 (fax)