IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT<br>SERVICES, LLC, et al.<br><br>    Defendants. | Case No. 2:18-cv-01608-WSS |

**ACTING SECRETARY'S BRIEF REGARDING BANKRUPTCY CASES**

13 Facility Defendants have filed for Chapter 11 bankruptcy.[1] Their avowed intent is to quickly transfer their assets "free and clear of all liabilities and liens," including "successor liability." *In re South Hills Operations, LLC, et al.* No. 24-21217-CMB, ECF No. 20, ¶ 50 (Bankr. W.D. Pa. May 17, 2024). Put another way, these debtors seek accelerated relief to shield themselves from the Court's judgment. The Acting Secretary will vigorously oppose this last-ditch attempt to avoid restoring tens of millions of dollars to employees who have been waiting years—some nearly a decade—to be paid for work done on Defendants' behalf.

Defendants concede that the automatic stay (11 U.S.C. § 362(a)(1)) does not apply. That concession is well taken. *See* 11 U.S.C. § 362(b)(4); *Stewart v. Holland Acquisitions, Inc.*, No.

---

[1] (1) South Hills; (2) Monroeville; (3) Mt. Lebanon; (4) Murrysville; (5) Cheswick; (6) North Strabane Rehabilitation; (7) Maybrook-C Briarcliff Opco, LLC, a/k/a The Grove at Irwin or The Grove at North Huntington; (8) Maybrook-C Evergreen Opco, LLC, a/k/a The Grove at Harmony; (9) Maybrook-C Kade Opco, LLC, a/k/a The Grove at Washington; (10) Maybrook-C Latrobe Opco, LLC, a/k/a The Grove at Latrobe; (11) Maybrook-C Overlook Opco, LLC, a/k/a The Grove at New Wilmington; (12) Maybrook-C Silver Oaks Opco, LLC, a/k/a, The Grove at New Castle; and (13) Maybrook-C Whitecliff Opco, LLC, a/k/a The Grove at Greenville.

1

2:15-cv-01094, 2021 WL 1037617, at *3 (W.D. Pa. Mar. 18, 2021). However, Defendants' counsel recently claimed that: (1) they can no longer represent the debtors in these proceedings; and (2) 11 U.S.C. § 108(b) extends the post-trial briefing deadlines by 60 days. Neither of these arguments hold water. The Acting Secretary respectfully requests that the Court confirm that all Defendants, through their present counsel, remain subject to the current post-trial briefing schedule (Dkt. 458). If the Court permits a 60-day extension, the Acting Secretary respectfully requests that the debtors' filings be limited to only supplemental evidence and argument, specific to each debtor's particular circumstances and liability, and that the Acting Secretary have an opportunity to respond.

### I. The Chapter 11 Filing Does Not Alter Defendants' Counsels' Appearance in This Action or Their Obligation to Continue Representing the Debtors

Attorneys who appear before this Court cannot simply walk away from their obligations when circumstances change. "Once an attorney agrees to undertake the representation of a client, he or she is under an obligation to see the work through to completion." *Miller v. Native Link Construction, LLC*, No. 15-cv-1605, 2019 WL 1277172, at *2 (W.D. Pa. Jan. 29, 2019) (citation and quotations omitted); *see also Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989) (finding that "preemptive attempt by" counsel to "remove himself" had "no legal effect" as an attorney cannot "escape[] the burden of his duty to represent" until a court rules that he is "free of those responsibilities"). Attorneys are released only if they follow the Court's procedures and Third Circuit law, which require leave. *Cochran v. UMH 3 Rivers, LLC*, 579 F. Supp. 3d 732, 734–35 (W.D. Pa. 2022); Local Civ. R. 83.2(C)(4) ("In any civil proceeding, no attorney whose appearance has been entered shall withdraw his or her appearance except upon filing a written motion. The motion must specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney."); *see also LabMD v. Boback*, 47 F.4th 164, 190–91 (3d Cir.

2022) (attorneys seeking withdrawal must demonstrate to the Court's "satisfaction" that their appearance "serves no meaningful purpose") (citation and quotations omitted). Even where a client has terminated counsel, that counsel must still obtain leave to withdraw—which may be denied. *See, e.g.*, *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676, 679 (3d Cir. 1986) (denying withdrawal for terminated law firm, notwithstanding "practical problems [it] might face in its continued representation" because of the need to ensure "effective court administration" and a "reliable mechanism" for supervising the matter). A court weighs several factors, including whether the "right to just, speedy and inexpensive determination of [the] action" will be compromised. *Miller*, 2019 WL 1277172, at *1–2; *Cochran*, 579 F. Supp. 3d at 735–36.

Defendants' counsel is not seeking to withdraw. They previously claimed that the Chapter 11 filing precludes them from continuing to represent the debtors but now concede—correctly—that this claim was not well founded. Dkt. 459 at p. 1 n.1 ("The requirement to have employment approved by the Bankruptcy Court is not absolute . . . ."); *see also Arch Ins. Co. v. Sierra Equipment Rental, Inc.*, No. 2:12-cv-00617, 2016 WL 829208, at *1 (E.D. Cal. Mar. 3, 2016) (rejecting claim that attorney's representation in civil action "terminated upon the filing of [the client's] bankruptcy case" and also finding that the language of 11 U.S.C. § 327[2] does "not dictate such a result"). Counsel admits that the real issue is whether they will be paid.[3] *See* Dkt.

---

[2] 11 U.S.C. § 327 concerns the "Employment of professional persons," including attorneys. Subsections (a) and (e) provide that the trustee may retain certain kinds of counsel "with the court's approval."

[3] The Acting Secretary is not aware of what claims, if any, Defendants' counsel has against the debtors' estate and does not pass on whether they meet the Section 327 requirements. *See, e.g.*, 11 U.S.C. § 327(a) (permitting appointment of attorneys to represent a debtor "that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . . ."). Section 327(e) in contrast allows a debtor to employ an attorney "for a specified special purpose . . . . if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

459 at p. 1 n.1 (counsel "will only represent the Debtor Defendants following this submission by being paid to do so"). But even if they are not paid, it does not entitle them to cease work without consequence or guarantee that withdrawal will be granted. *Miller*, 2019 WL 1277172, at *2 (denying withdrawal notwithstanding client's "stated desire to spend no further resources"); *Howard v. Blalock Electric Service, Inc.*, No. 3:08-cv-90, 2011 WL 13365684, at *2 (W.D. Pa. June 15, 2011) (denying withdrawal where attorney cited "unpaid balance of attorneys' fees").

## II. 11 U.S.C. § 108 Does Not Apply

Because the automatic stay does not apply, no further delay is justified. Bankruptcy Code Section 108 does not change the score. That provision extends certain periods of time, principally to give a trustee[4] "some breathing room for taking action to protect the debtor's rights." 1 Bankruptcy Law Manual Section 2.24 (5th Ed. Dec. 2023). Section 108(a) creates additional time to "commence an action" for unexpired claims existing as of the bankruptcy petition date.[5] 11 U.S.C. § 108(a). Section 108(b) states that, "[e]xcept as provided in subsection (a) of this section," a trustee "may"[6] take certain acts within 60 days after the "order for relief," such as filing a "pleading, demand, notice, or proof of claim or loss," curing a default, or "perform[ing] any other similar act" to assert unexpired claims existing as of the petition date. 11 U.S.C. § 108(b); *see also Merchants Bank v. Frazer*, 253 B.R. 513, 518–19 (Bankr. D. Vt. 2000)

---

[4] The debtors are "debtor[s] in possession," which grants them the "powers and duties of a trustee." *In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir. 2000).

[5] Section 108's extended time periods refer to an "order for relief." The filing of a voluntary bankruptcy petition "constitutes an order for relief." 11 U.S.C. § 301(b).

[6] Defendants' claim during the status conference that Section 108(b) **restricts** the ability to file briefs is baseless. 108(b) is permissive; it "does not require the trustee to do anything." *In re BoNo Develop. Inc.*, 992 F.2d 1222 (10th Cir. Apr. 28, 1993) (Unpublished Table Decision, *available at* 1993 WL 141100).

("§ 108(b) is narrow in its scope. It applies specifically to those debtors who, prior to filing for bankruptcy, entered into agreements which created a limited time period within which they must make some affirmative act, but filed for bankruptcy prior to the expiration of that time period."). In contrast with subsections (a) and (b), Section 108(c) concerns "civil action[s] . . . ***against the debtor***." 11 U.S.C. § 108(c) (emphasis added). For unexpired deadlines as of the petition date, there are 30 additional days for "commencing or continuing" such actions "after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title . . . ." *Id*.

Section 108's text and structure should end the matter. Subsections (a) and (b) identify affirmative acts that the trustee "may" take to commence a process—whether it be filing a new legal action, or a similar act (*e.g.*, a "pleading," "demand," "proof of claim," "cure a default")—to preserve legal rights that the debtor could have timely asserted as of the petition date. Subsection (c)'s text expressly addresses a different circumstance: "commencing or continuing a civil action in a court other than a bankruptcy court on a claim ***against the debtor***." Put another way, Congress carefully drafted Section 108(c) so that it would apply to actions against the debtor while omitting the same language from Sections 108(a) and (b). By their plain, unambiguous meaning, Sections 108(a) and (b) do not apply here.

"[T]he Supreme Court presumes 'that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.'" *Official Committee of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 564 (3d Cir. 2003) (quoting *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994)). Congress' intent is also clear from other parts of the Code—it repeatedly distinguishes among actions "against the debtor" and other types of actions. *See, e.g.*, 11 U.S.C. § 102(2) (defining "claim against the debtor" as including a "claim against property of the debtor"); 11

5

U.S.C. § 362(a) (identifying types of actions "against the debtor" that are subject to automatic stay); *see also* Fed. R. Bankr. P. 6009 (referring to authority by trustee to "enter an appearance and defend any pending action or proceeding ***by or against the debtor*** . . .") (emphasis added). "When two terms are 'functional[ly] equivalent' and used in the same context, they should be treated identically." *In re World Imports, Ltd.*, 862 F.3d 338, 343 (3d Cir. 2017) (quoting *Gomez–Perez v. Potter*, 553 U.S. 474, 481 (2008)) (second alteration in original); *see also In re Hechinger Inv. Co. of Delaware, Inc.*, 335 F.3d 243, 253 (3d Cir. 2003) ("It is a 'normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning.'") (quoting *Sorenson v. Sec. of the Treasury*, 475 U.S. 851, 860 (1986)).

Numerous courts have recognized Section 108's essential distinctions. *See, e.g.*, *In re Hoffinger Industries, Inc.*, 329 F.3d 948, 952 (8th Cir. 2003) ("Because an appeal by a debtor-in-possession (on behalf of a debtor) in a case in which the debtor originally was the defendant is a continuation of a proceeding against the debtor[,] we believe that 11 U.S.C. § 108(c), and not § 108(b), applies.") (citations and quotations omitted); *In re Meredith*, 337 B.R. 574, 577 (Bankr. E.D. Va. 2005) ("This court agrees with the analysis applied by the Eighth Circuit in *Hoffinger*. . . . The plain language of § 108(c) fits the situation at hand perfectly."); *Roberts v. C.I.R.*, 175 F.3d 889, 894–95, 897–98 (11th Cir. 1999) (holding that, where parties "initiated the proceeding" by filing a "petition for redetermination with the Tax Court pursuant to 26 U.S.C. § 6213," that proceeding was not "against the debtor" for purposes of 11 U.S.C. § 362 and 11 U.S.C. § 108(c), and thus 11 U.S.C. § 108(b) applied); *In re Ingeniero*, No. 06-42512, 2007 WL 1453132, at *1 (Bankr. N.D. Cal. May 17, 2007) (rejecting application of Section 108(b) to appeal of state court judgment because Section 108(c) applied instead).

6

The court in *E.E.O.C. v. Guerdon Indust.*, 76 B.R. 102 (W.D. Ky. 1987) held that Section 108 does not apply where, as here, Section 362(b)(4) allows a case to proceed. In *Guerdon*, the Equal Employment Opportunity Commission brought a Title VII enforcement action. Approximately one month after the complaint was filed, the defendant filed for bankruptcy. 76 B.R. at 103. The district court issued a stay under Section 362(a), and the EEOC moved for reconsideration. *Id*. The EEOC argued that the automatic stay never should have applied, and that the court should grant its motion for default judgment (which it filed after the bankruptcy began). *Id*. The defendant argued that the automatic stay did apply, and that, alternatively, it should have an additional 60 days under Section 108(b) to file an answer. *Id*.

The court held that the automatic stay did not apply because of Section 362(b)(4). 76 B.R. at 103. It then rejected the Section 108(b) claim. It first distinguished the debtor's cited authorities because they concerned extensions of time under Section 108(b) to redeem property. *Id*. at 104. The court then concluded that Section 108 generally could not apply given the EEOC's enforcement authority:

> [T]his court finds that in this situation, the applicability of Sect. 108 would conflict with and override the purposes of the exceptions to the automatic stay provision, as found in Sect. 362(b). In *Johnson v. First National Bank of Montevideo, Minn.*, 719 F.2d 270 (8th Cir. 1983), the court discussed the conflicts between the 60–day extension of time under Sect. 108 and the blanket stay of Sect. 362(a), where the time period for redemption of property was in issue. In determining the controlling section, the court held, 'where one section of the Bankruptcy Code explicitly governs an issue, another section should not be interpreted to cause an irreconcilable conflict.' 719 F.2d at 278. **Thus, in this case, where Sect. 362(b)(4) clearly applies, the application of Sect. 108 would conflict with and override the purpose of the statute, and should not be applied.**

*Id*. (emphasis added).[7] *Guerdon* is correct that Section 108(b) does not affect Section 362(b)(4). And its overall view of Section 108 is an accord with the principle that, "[i]n interpreting

---

[7] Although the court exercised its discretion to allow the defendant to file an answer within two weeks, that did not change its holdings as to Sections 108(b) and 362(b)(4). 76 B.R. at 104.

7

language in one section of a statute in conjunction with language of other sections, [a] court strives to find a reading that is consistent with the purposes of the entire statute considered as a whole." *Coar v. Kazmir*, 990 F.2d 1413, 1419–20 (3d Cir. 1993) (citation and quotations omitted) (second alteration in original).

The 10th Circuit's decision in *Autoskill, Inc. v. National Educational Support Systems, Inc.*, 994 F.2d 1476 (10th Cir. 1993) is not persuasive. Rather than engage with the statutory text's careful delineations (*see supra*), the court considered Section 108(b) in isolation and rendered a broad interpretation based on that narrow focus. 994 F.3d at 1484. Unlike *Hoffinger*—which Defendants cite but do not reconcile with *Autoskill*'s contrary holding—and other decisions that interpret Section 108's text and structure in full, *Autoskill* did not treat the distinctions between Sections 108(b) and (c) or explain why Section 108(b) can apply in actions "against the debtor" when Congress deployed that language only in Section 108(c). Notably, as Defendants acknowledge, the 10th Circuit later overturned *Autoskill* in part because it failed to properly construe that same language for purposes of Section 362. *See TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 497 (10th Cir. 2011) ("[W]e overrule this circuit's prior interpretation of § 362(a)(1) . . . . From this date forward, this Circuit will read 'section 362 . . . to stay all appeals in proceedings that were ***originally brought*** against the debtor, regardless of whether the debtor is the appellant or appellee.'") (quoting *Ass'n of St. Croix Condo. Owners v. St. Croix Hotel Corp.,* 682 F.2d 446, 449 (3d Cir. 1982)) (emphasis in original). *Autoskill* misapprehended the meaning of "against the debtor" in reading Section 362 and failed to consider that same language while interpreting Section 108. The Court should not accept its faulty reading of the Code, or the Second Circuit's decision in *Local Union No. 38, Sheet Metal*

*Workers' Intern. Ass'n, AFL-CIO v. Custom Air Systems, Inc.*, 333 F.3d 345 (2d Cir. 2003), which rests entirely on *Autoskill*'s erroneous interpretation.[8]

The only provision that can possibly apply here is Section 108(c), which concerns extensions of time when an automatic stay ends. Unlike the other subsections, its text tracks the language in Section 362. *Compare* 11 U.S.C. 108(c) (referring to period for "commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor") *with* 11 U.S.C. § 362(a) (identifying various forms of proceedings "against the debtor"); 11 U.S.C. § 362(b)(2)(A) (excepting "commencement or continuation of a civil action" involving specific subject matters); 11 U.S.C. § 362(b)(4) (excepting "commencement or continuation of an action or proceeding" implicating a government unit's "police or regulatory power"); *see also Hoffinger*, 329 F.3d at 952 (noting "obvious fit" between Sections 362(a)(1) and 108(c)). However, because the automatic stay never came into effect under the Section 362(b)(4), Section 108(c) does not extend the timelines in this action either. *See* 11 U.S.C. § 108(c) (identifying 30-day extension following "termination or expiration" of a stay).[9]

---

[8] Even if Section 108(b) applied to any aspect of these proceedings, the filing of a post-trial brief does not fall within group of acts identified. *See, e.g.*, Fed. R. Civ. P. 7(a) (defining "pleadings"); *Peschmann v. Quayle*, No. 1:17-cv-00259, 2019 WL 13215300, at *1 (W.D. Pa. Aug. 13, 2009) (distinguishing "pleadings" from motions and responses). As this Court observed during the May 23, 2024 status conference, it can issue a judgment immediately, without permitting post-trial briefing. The absence of a post-trial submission would not irrevocably and immediately forfeit the debtors' legal rights or even arguably commence a new proceeding, unlike the Notices of Appeal in *Autoskill* and *Local Union No. 38*.

[9] Defendants note *Hoffinger*'s suggestion that Section 108(b) "may" apply where an action is not stayed under Section 362(b). *See* 329 F.3d at 952–53. *Hoffinger* based this passing remark on 2 Collier on Bankruptcy ¶ 108.03[2], at 108–10 (15th ed. rev. 2003), which avers that Section 108(b) "would probably" apply to cases not subject to the automatic stay. But *Hoffinger* did not offer "reasoning" to support this prediction or even reach the issue—its discussion is pure *dicta*. *See* 329 F.3d at 953 (holding that it was "undisputed" that the automatic stay applied "as a 'continuation' of a 'proceeding against the debtor'"). The Court should not depart from the statutory text based on a treatise's prediction of how the issue might be resolved.

9

There is no justification to allow the debtors, who have jointly litigated this action for years with the other Defendants, appeared at the Phase II trial through the same counsel, introduced evidence, and then sought bankruptcy protection the Friday before the original post-trial briefing deadline, to further delay this action. The Bankruptcy Code does not compel a different outcome. The prejudice to the Acting Secretary is significant, as the debtors are asking for an expedited free and clear sale process to eliminate all pre-petition liabilities—including liability here. On the other hand, if the debtors decide not to join the non-bankrupt Defendants' post-trial submissions, their claimed "prejudice" is entirely self-imposed, as they willingly conceded joint and several liability.

### III. If Debtors Receive an Extension, Their Submissions Should Be Limited, and the Acting Secretary Should Have the Right to Respond

If the Court grants an extension, the Acting Secretary respectfully requests that the Court impose certain conditions on those filings. Considering: (1) Defendants' joint and several liability (Dkt. 268); (2) their unified, closely controlled employee compensation practices; (3) their years of litigating this action as a single group and filing the same papers through the same counsel; and (4) the likely absence of meaningful distinctions among their positions,[10] the debtors should not have an opportunity to now assert separate status for briefing purposes—especially while they continue to share counsel. The debtors should not, in other words, be allowed to treat arguments and evidence pertaining to Defendants' overall liability or otherwise duplicate or reinforce the non-bankrupt Defendants' submissions. Instead, they should have leave only to raise supplemental evidence and arguments that bear specifically on each debtor's particular circumstances and whether any separate liability arises therefrom in light of

---

[10] Contrary to Defendants' suggestion (Dkt. 459 at pp. 5–6), it is hard to believe that the non-bankrupt Defendants would not assert all possible defenses, including those focused on the debtors, given their joint and several liability.

Defendants' joint and several liability. Defendants say that their briefing will focus on articulating purported distinctions in their liability. Dkt. 459 at pp. 5–6. If given additional time, that is all the debtors should be permitted to do.

The Court granted the parties the opportunity to respond to each other's post-trial submissions. Dkt. 458. The Acting Secretary respectfully requests that same opportunity if the debtors are given additional time, in the form of a 15-page response brief due no later than 14 days after debtors' submissions. Because the debtors will have already had nearly six weeks to review the Acting Secretary's post-trial submissions, they should not receive a further opportunity to respond.

Respectfully Submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968

(215) 861-5136 (voice)
(215) 861-5162 (fax)

herrera.alejandro.a@dol.gov

Seema Nanda
Solicitor of Labor

Samantha N. Thomas
Regional Solicitor

Adam Welsh
Wage and Hour Counsel

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney
PA 326897; NY 5235601

## CERTIFICATE OF SERVICE

I hereby certify that, on May 31, 2024, I electronically filed the foregoing Acting Secretary's Brief Regarding Bankruptcy Cases by using the CM/ECF system.

Date: May 31, 2024

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney
PA 326897; NY 5235601

U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968
herrera.alejandro.a@dol.gov
(215) 861-5136 (voice)
(215) 861-5162 (fax)