IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIE A. SU,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>COMPREHENSIVE HEALTHCARE<br>MANAGEMENT SERVICES, LLC, et al.<br><br>Defendants. | Civil Action No. 2:18-cv-01608-WSS<br><br>Honorable William S. Stickman IV |

**FINAL JUDGMENT AND ORDER**

In accordance with this Court's Findings of Fact and Conclusions of Law, this Court enters the following judgment against Defendants. It is hereby:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 7, 11(c), and 15 of the Fair Labor Standards Act of 1938 (the "Act"), in any manner, specifically:

1.      Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in

1

excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

2. Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued under Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

3. Defendants are each enjoined and restrained from withholding gross back wages in the sum total amount $20,548,880.57 and are jointly and severally liable for the payment of $20,548,880.57 in liquidated damages, due to certain employees and former employees of Defendants identified in Schedule A to the Acting Secretary's Complaint, as amended (ECF 343-1), under the following terms:

    i. Defendants Sam Halper, CHMS Group, and Comprehensive Healthcare Managements Services, LLC d/b/a Brighton Rehabilitation and Wellness Center are each enjoined and restrained from withholding gross back wages in the sum total amount of $20,548,880.57 and are jointly and severally liable for the payment of $20,548,880.57 in liquidated damages, due to certain employees and former employees of Defendants identified in Schedule A to the Acting Secretary's Complaint, as amended (ECF 343-1);

    ii. Defendants Maybrook-C Briarcliff Opco, LLC, d/b/a The Grove at Irwin or The Grove at North Huntington; Maybrook-C Evergreen Opco, LLC, d/b/a The Grove

at Harmony; Maybrook-C Kade Opco, LLC, d/b/a The Grove at Washington; Maybrook-C Latrobe Opco, LLC, d/b/a The Grove at Latrobe; Maybrook-C Overlook Opco, LLC, d/b/a The Grove at New Wilmington; Maybrook-C Silver Oaks Opco, LLC, d/b/a The Grove at New Castle; Maybrook-C Whitecliff Opco, LLC, d/b/a The Grove at Greenville are each enjoined and restrained from withholding gross back wages in the sum total amount of $19,652,458.13 and are jointly and severally liable for the payment of $19,652,458.13 in liquidated damages, due to certain employees and former employees of Defendants identified in Schedule A to the Acting Secretary's Complaint, as amended (ECF 343-1), which represents the back wages and liquidated damages accrued as of August 15, 2016;

iii. Monroeville Operations LLC, d/b/a Monroeville Rehabilitation & Wellness Center; Mt. Lebanon Rehabilitation and Wellness Center, LLC; Murrysville Operation, d/b/a Murrysville Rehabilitation & Wellness Center; South Hills Operations LLC, d/b/a South Hills Rehabilitation and Wellness are each enjoined and restrained from withholding gross back wages in the sum total amount of $18,650,339.14 and are jointly and severally liable for the payment of $18,650,339.14 in liquidated damages, due to certain employees and former employees of Defendants identified in Schedule A to the Acting Secretary's Complaint, as amended (ECF 343-1), which represents the back wages and liquidated damages accrued as of February 1, 2017;

iv. Defendant Maybrook-C Latrobe Opco, LLC, d/b/a The Grove at Latrobe is enjoined and restrained from withholding gross back wages in the sum total

        amount of $18,525,328.54 and is jointly and severally liable for the payment of $18,525,328.54 in liquidated damages, due to certain employees and former employees of Defendants identified in Schedule A to the Acting Secretary's Complaint, as amended (ECF 343-1), which represents the back wages and liquidated damages accrued as of February 15, 2017;

    v.    Defendants Cheswick Rehabilitation and Wellness Center, LLC; North Strabane Rehabilitation and Wellness Center, LLC; and North Strabane Retirement Village, LLC are each enjoined and restrained from withholding gross back wages in the sum total amount of $16,638,253.91 and are jointly and severally liable for the payment of $16,638,253.91 in liquidated damages, due to certain employees and former employees of Defendants identified in Schedule A to the Acting Secretary's Complaint, as amended (ECF 343-1), which represents the back wages and liquidated damages accrued as of September 18, 2017.

    4.    Defendants shall, consistent with terms set forth above, restore gross back wages and pay liquidated damages in the total amount of $41,097,761.14 for their violations of the overtime provisions of the Act that occurred during the period beginning December 14, 2014 through February 11, 2023 ("relevant time period"). It is further ordered that the overtime compensation and liquidated damage payments by the Defendants in the amounts specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act. Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

    5.    The provisions of this Final Judgment and Order relative to back wage and liquidated damages payments shall be deemed satisfied when Defendants, consistent with terms

set forth above, deliver to the designated representatives of the Acting Secretary payment in the amount of $41,097,761.14 within thirty (30) days of the entry of this Final Judgment and Order. Payment may be made online by ACH transfer, credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov. Alternatively, payment may be in the form of a certified check, bank check, or money order made payable to the order of "Wage and Hour Division – Labor," and mailed to: U.S. Department of Labor, Wage & Hour Division, 1835 Market Street, 19th Floor Mailstop/WHD-19, Philadelphia, PA 19103-2968. The check or money order shall bear the following reference: Case ID# 1816125, 1852023, 1852025, 1852029, 1852031, 1852034, 1852037, 1852038, 1852032, 1852036, 1852027, 1816055, 1852039, 1852028, 1804635.

6. The Acting Secretary, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as named in Schedule A to the Acting Secretary's Complaint, as amended (ECF 343-1).

7. To the best of their ability and based upon information currently in their possession, Defendants shall provide to the Acting Secretary the social security number and last known address of each employee or former employee due relief under this Final Judgment and Order.

8. The provisions of this Final Judgment and Order shall not in any way affect any legal right of any individual not named in Schedule A to the Acting Secretary's Complaint, as amended (ECF 343-1), nor shall the provisions in any way affect any legal right of any individual named in Schedule A to file any action against Defendants for any violations alleged to have occurred outside the relevant time period.

9. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Final Judgment and Order. Any such amount shall be immediately paid to the Acting Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies. If recovered wages and/or liquidated damages have not been claimed by the employee or the employee's estate within three years of the entry of this Final Judgment and Order, the Acting Secretary shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE