| | | |
|---|---|---|
| **U.S. Department of Labor** | Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA  19103-2968<br><br>Email: herrera.alejandro.a@dol.gov<br>Telephone: (215) 861-5136 | Facsimile:<br>(215) 861-5162 |



Date: July 2, 2024

**Via ECF**

The Honorable William S. Stickman IV
United States District Court for the Western District of Pennsylvania
Joseph F. Weis, Jr.
U.S. Courthouse
Courtroom 8B
700 Grant Street
Pittsburgh, PA 15219

      Re:    Defendants' Phase II Response Brief
             *Su v. CHMS, et al.*
             Case No. 2:18-cv-01608 (W.D. Pa.)

Your Honor,

I write on behalf of the Acting Secretary of Labor, U.S. Department of Labor (the "Acting Secretary") to object to Defendants' assertion of a brand-new defense in their Phase II response brief (Dkt. 468). This brief leads off with a discussion of the U.S. Supreme Court's decision in *Loper Bright Enters., et al. v. Raimondo, et al.¸* Nos. 22-451, 22-1219, 2024 WL 3208360 (June 28, 2024). But Defendants cannot raise new arguments at this late hour, through a reply brief, which they have previously failed to mention. Even if considered, Defendants' substantive arguments regarding this new authority do not hold water.

As a general matter, defendants waive defenses if they raise them "for the first time in a post-trial motion." *Chainey v. Street*, 523 F.3d 200, 209–10 (3d Cir. 2008). Defendants' nearly uniform Second Amended Answers (Dkt. 105–118) raise several affirmative defenses, but they do not plead for invalidation of the Acting Secretary's regulations. In fact, one of their Affirmative Defenses pleads "good faith" and action "in conformity with and in reliance on the administrative regulations, orders, rulings, approval, or interpretation of the Wage and Hour Division of the Department of Labor and/or any administrative practice or enforcement policy of that agency . . . ." Dkt. 105 at p. 5 (Brighton Second Amended Answer); *see also, e.g.*, Dkt. 106 at p. 5 (Monroeville Second Amended Answer); Dkt. 109 at pp. 4–5 (S. Halper Second Amended Answer); Dkt. 112 at p. 6 (The Grove at Irwin Second Amended Answer); Dkt. 117 at p. 4 (North Strabane Rehab. Second Amended Answer).

Defendants also did not assert this argument during summary judgment or at trial. It is therefore forfeited. *See Chainey*, 523 F.3d at 210 (although defendants pleaded statute of limitations defense, holding that it was disallowed because they "never raised" it "until after trial"); *see also*

**U.S. Department of Labor**

Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA  19103-2968

Email: herrera.alejandro.a@dol.gov
Telephone: (215) 861-5136

Facsimile:
(215) 861-5162

*In re Zimmer*, 624 B.R. 92, 101 (Bankr. W.D. Pa. 2021) ("Courts have held that defenses not raised or argued at trial are ordinarily waived by the parties failing to raise them.") (citing sources). The Acting Secretary is prejudiced by this late disclosure, and she respectfully requests that the Court give no consideration to this new defense. *See Takeda Pharm. Co. Ltd. v. Norwich Pharms., Inc.*, No. 20-cv-8966, 2022 WL 17959811, at *45 (DN.J. Dec. 27, 2022) ("Defendant's assertion of this new argument in its post-trial brief was untimely and has prejudiced Plaintiffs, and the Court will not consider it."); *Mannarino v. Morgan Twp.*, 64 F. App'x 844, 846–47 (3d Cir. 2003). And even if Defendants were able to deploy new arguments after trial (they cannot), their response brief was not the place to do it. *See Williams v. Williams*, No. 2:23-cv-00715, 2023 WL 4042733, at *5 (W.D. Pa. June 16, 2023) ("'Arguments raised for the first time before a district court in a reply brief are deemed forfeited.'") (quoting *In re Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023)).

As for substance, Defendants' *ipse dixit* arguments do not merit much consideration. Instead of using reasoning to justify the sweeping relief they demand, they instead flatly declare that the regulations are "unlawful" because the "DOL exceeded its authority" and that the Court should "set aside those regulations" and "disregard" the Acting Secretary's trial evidence and legal arguments. Dkt. 468 at pp. 2–3. "[A]n argument consisting of no more than a conclusory assertion such as the one made here (without even a citation to the record) will be deemed waived." *Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) (citations omitted). Their reliance on a challenge in a different action to the Acting Secretary's new final rule on the salary-basis requirements (Dkt. 468 at p. 2) does not help them, as their liability here is not premised on violations of this new final rule. And, finally, Defendants do not heed the Supreme Court's explanation that its holding does not "call into question prior cases that relied on the *Chevron* framework," as "[t]he holdings of those cases that specific agency actions are lawful . . . are still subject to statutory *stare decisis* despite our change in interpretive methodology." *Loper Bright Enters.*, 2024 WL 3208360, at *21.

Simply put, Defendants cannot launch a new, undeveloped defense at the last minute that seeks to relieve them from paying the millions of dollars in back wages that even they agree are owed.

Respectfully,
Samantha N. Thomas
Regional Solicitor

By: */s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney